CONSTRUCTION INDUSTRY WORKERS' COMPENSATION GROUP, ON BEHALF OF ITS MEMBER, MOJAVE ELECTRIC, APPELLANT, v. JOHN CHALUE, RESPONDENT.

No. 39363

August 21, 2003

74 P.3d 595

---

*J. Michael McGroarty, Chtd.*, and *J. Michael McGroarty,* Las Vegas, for Appellant.

*Nancyann Leeder,* Nevada Attorney for Injured Workers, and *Gary T. Watson,* Deputy Nevada Attorney for Injured Workers, Carson City, for Respondent.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a district court order upholding the decision of an appeals officer that respondent John Chalue provided sufficient evidence to rebut the presumption that marijuana was a proximate cause of his work-related injuries pursuant to NRS 616C.230.[1] We agree with the district court that a preponderance of the evidence is the proper evidentiary standard required to rebut the presumption. Substantial evidence existed to support the decision of the appeals officer; therefore, Chalue is entitled to the appropriate workers' compensation benefits provided by Construction Industry Workers' Compensation Group (Construction Industry), on behalf of its member, Mojave Electric.

### FACTS

Chalue, an electrician employed by Mojave Electric, worked on a construction project in Las Vegas at the time of his accident. Chalue arrived at the job site at 6 a.m. on the day of the accident. Paul Tinman, Chalue's foreman, observed no unusual behavior from Chalue when he gave him his daily assignment.

Chalue's assignment entailed adjusting light fixtures while standing on an eight-foot ladder. The adjustments required Chalue to extend his arms into the ceiling. Chalue moved the ladder from fixture to fixture on a concrete floor. The floor's surface had channels cut approximately two inches wide and one and one-half inches deep. One of these channels was located near Chalue's work area.

---

[1]NRS 616C.230(1)(d) states a denial of benefits is proper if the injury was

[p]roximately caused by the employee's use of a controlled substance. If the employee had any amount of a controlled substance in his system at the time of his injury for which the employee did not have a current and lawful prescription issued in his name or that he was not using in accordance with the provisions of chapter 453A of NRS, the controlled substance must be presumed to be a proximate cause unless rebutted by evidence to the contrary.

At approximately 11:30 a.m., Chalue's weight and movement apparently caused him to fall from the eight-foot ladder onto the concrete floor. Chalue testified that the ladder might have shifted into a channel, causing his fall. He suffered injuries to his head, wrists, and shoulder. Tinman saw Chalue falling and ran to assist him. An ambulance transported Chalue to University Medical Center (UMC).

The attending physician at UMC filled out an initial treatment report. The doctor checked a box marked "No" in response to the question whether Chalue appeared under the influence of alcohol or a controlled substance. A drug test performed at a laboratory indicated Chalue had THC, the active ingredient of marijuana, in his system. Dr. Borland, a doctor at the testing laboratory, confirmed the presence of marijuana in Chalue's system.

Chalue testified he accidentally ingested marijuana in some brownies he ate sometime in the week preceding the accident. Dr. Borland's report supported Chalue's assertion that ingestion occurred sometime in the week before the accident. Chalue indicated he initially felt "high" after eating the brownies but felt fine on the day of the accident.

Construction Industry denied Chalue benefits for his job-related injuries because of the positive drug test. A hearing officer affirmed the denial of benefits. Chalue timely appealed the hearing officer's decision.

The appeals officer conducted an evidentiary hearing regarding Chalue's accident. The evidence supported Chalue's claim of sobriety at the time of the accident. The evidence consisted of Chalue's testimony, Tinman's testimony, and the initial treatment report prepared by the UMC physician. The appeals officer found that Chalue presented sufficient evidence to rebut the presumption that marijuana was a proximate cause of his accident.

Construction Industry filed a petition for judicial review with the district court. The district court affirmed the decision of the appeals officer, deciding that the proper evidentiary standard to rebut the presumption created under NRS 616C.230(1)(d) was by a preponderance of the evidence and that Chalue had met that standard. This appeal followed.

## DISCUSSION

### Standard of review

Statutory interpretation is a question of law reviewed de novo.[2] We have " 'long held that statutes should be given their plain

[2]*Birth Mother v. Adoptive Parents,* 118 Nev. 972, 974, 59 P.3d 1233, 1235 (2002), *cert. denied,* 538 U.S. 965 (2003).

meaning.' "[3] Further, we have " ' 'consistently upheld the plain meaning of the statutory scheme in workers' compensation laws.' "[4]

We review an administrative body's decision for clear error or an arbitrary abuse of discretion.[5] Thus, " '[t]he central inquiry is whether substantial evidence in the record supports the agency decision.' "[6] Substantial evidence is "that which 'a reasonable mind might accept as adequate to support a conclusion.' "[7] "Although this court will not substitute its judgment for that of the agency as to the weight of the evidence, this court will reverse an agency decision that is clearly erroneous in light of reliable, probative, and substantial evidence on the whole record."[8]

### Rebuttable presumption

NRS 616C.230(1)(d) provides that any amount of a controlled substance creates a rebuttable presumption that the controlled substance was a proximate cause of a claimant's injuries. The statute is unequivocal: if an employee has marijuana in his system when injured, then marijuana caused the accident unless proven otherwise. The legislative intent of NRS 616C.230 was to create a drug-free workplace.[9] Notably, NRS 616C.230(1)(d) contains the words "any amount" in establishing the rebuttable presumption. The presence of the controlled substance does not have to be "the" proximate cause, only "a" proximate cause.

Construction Industry introduced toxicological evidence proving Chalue had marijuana in his system. In fact, Chalue never disputed the report indicating a positive test for marijuana. To the contrary, he admitted to accidental ingestion in explaining the positive drug

---

[3]*Barrick Goldstrike Mine v. Peterson,* 116 Nev. 541, 545, 2 P.3d 850, 852 (2000) (quoting *Alsenz v. Clark Co. School Dist.,* 109 Nev. 1062, 1065, 864 P.2d 285, 286 (1993)).

[4]*Id.* (quoting *SIIS v. Prewitt,* 113 Nev. 616, 619, 939 P.2d 1053, 1055 (1997)).

[5]*Riverboat Hotel Casino v. Harold's Club,* 113 Nev. 1025, 1029, 944 P.2d 819, 822 (1997).

[6]*Barrick Goldstrike Mine,* 116 Nev. at 547, 2 P.3d at 853 (quoting *Brocas v. Mirage Hotel & Casino,* 109 Nev. 579, 583, 854 P.2d 862, 865 (1993)).

[7]*Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Edison Co. v. Labor Board,* 305 U.S. 197, 229 (1938)), *quoted in State, Emp. Security v. Hilton Hotels,* 102 Nev. 606, 608, 729 P.2d 497, 498 (1986).

[8]*United Exposition Service Co. v. SIIS,* 109 Nev. 421, 425, 851 P.2d 423, 425 (1993); *see also Barrick Goldstrike Mine,* 116 Nev. at 547, 2 P.3d at 854 (explaining a decision lacking "substantial evidentiary support" will be reversed).

[9]Journal S., 68th Sess. 670-71 (Nev. 1995).

test. Under NRS 616C.230(1)(d), therefore, a rebuttable presumption existed that marijuana was a proximate cause of Chalue's injuries. Thus, the pertinent issue here is what evidence was required to rebut the presumption.

*Standard of proof necessary*

The type of testimony required by the claimant to rebut the presumption in NRS 616C.230(1)(d) is a question of first impression in Nevada. Generally, "[a] presumption . . . imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."[10] This burden requires evidence "which tends to establish the existence or nonexistence of the presumed fact independently of the basic facts."[11] In short, this standard requires Chalue to establish by a preponderance of the evidence that marijuana did not cause his injuries.

Construction Industry argues lay testimony was insufficient to overcome the presumption that marijuana was a proximate cause of Chalue's injuries. Further, Construction Industry contends the presumption cannot be overcome without demonstrating the injury was caused without the claimant's involvement.

Opinion testimony by a lay witness is limited to "those opinions or inferences which are . . . [r]ationally based on the perception of the witness[ ] and . . . [h]elpful to a clear understanding of his testimony or the determination of a fact in issue."[12] Conversely, an opinion as to the cause of a non-demonstrable injury should be given by one qualified as a medical expert.[13]

The evidence Chalue presented at the hearing to overcome the presumption of intoxication consisted of (1) his testimony, (2) his foreman's testimony, and (3) an emergency room admittance form indicating Chalue did not appear intoxicated. Chalue contends this evidence is sufficient to rebut the presumption created under NRS 616C.230(1)(d).

Chalue testified that when the injury occurred, he suffered no effects from the marijuana ingestion. Further, Chalue stated he did not use drugs habitually. Although he is an interested party, his testimony as to his intoxication is admissible. Chalue's testimony

---

[10]NRS 47.180(1).

[11]NRS 47.180(2).

[12]NRS 50.265.

[13]*See Lerner Shops v. Marin,* 83 Nev. 75, 79-80, 423 P.2d 398, 401 (1967); *see also* NRS 50.275.

meets the standard of "reliable, probative, and substantial evidence" necessary to overcome the presumption.[14]

Tinman, Chalue's foreman, testified similarly as to Chalue's apparent sobriety. Although the record reveals that Tinman knew Chalue for only a short time, he spoke with Chalue on the day of the injury. They had a brief conversation in the morning when Tinman instructed Chalue on his daily assignment. Tinman testified that Chalue appeared no different from any other time during his employment. Tinman observed Chalue fall and ran to render aid. He noticed no visible signs of intoxication as he assisted Chalue.

Finally, Chalue introduced the initial treatment report from the emergency room as proof he was not intoxicated. A question on the form asks, "Is there evidence that the injured employee was under the influence of alcohol and/or any other controlled substance at the time of the accident?" The attending physician checked the box marked "No."

Construction Industry argues that expert medical testimony should be required to rebut the presumption and cites authority from another state. But, NRS 616C.230 does not require expert testimony to rebut the presumption, and the Legislature could have made the presence of a controlled substance a conclusive presumption. We must apply the same evidentiary standard applicable generally. That is, a claimant can rebut the presumption of causation by a preponderance of the evidence.

Here, the appeals officer determined that Chalue presented sufficient evidence to overcome the presumption. As stated previously, NRS 233B.135(3) precludes us from weighing evidence or determining the credibility of witnesses in an administrative hearing.[15] The record does not suggest the decision of the appeals officer was "against the manifest weight of the evidence."[16]

## CONCLUSION

Expert testimony is not required to overcome the presumption created by NRS 616C.230(1)(d). The proper evidentiary standard to overcome the presumption is by a preponderance of the evidence. Here, the appeals officer determined Chalue presented sufficient evidence to rebut the presumption. Because substantial evidence supports the determination of the appeals officer, we affirm the order of the district court.

---

[14]*United Exposition Service Co.,* 109 Nev. at 425, 851 P.2d at 425.

[15]NRS 233B.135(3).

[16]*Swinney,* 103 Nev. at 20, 731 P.2d at 361.