RONALD E. FIRESTONE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 38269

January 30, 2004

83 P.3d 279

*Gary E. Gowen,* Las Vegas, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *David J. Roger,* District Attorney, *James Tufteland,* Chief Deputy District Attorney,

---

[27]*Id.*

[28]*Iowa Nat. Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724 (Iowa 1981).

and *Thomas M. Carroll,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, SHEARING, C. J.:

This appeal raises the issue of whether a defendant may be convicted of multiple counts of leaving the scene of an accident when there is more than one victim in a single accident. We conclude that NRS 484.219 allows only one charge of leaving the scene of a single accident, regardless of the number of victims.

Therefore, we vacate two of Ronald Firestone's convictions for leaving the scene of an accident.

## FACTS

The State charged Firestone with three felony counts of leaving the scene of an accident. Firestone pleaded not guilty, and the case went to jury trial.

At the jury trial, the Werly family testified that around 10:30 p.m. on July 29, 1996, they were returning home to Boulder City, Nevada, from Nelson, Nevada, in two Toyota trucks. One truck was driven by the father, Tony, with his daughter, Jill, as a passenger. The second truck was driven by the mother, Susan, with Roxanne and Joel, Susan and Tony's daughter and son, as passengers. Approximately seven miles east of Nelson, Tony and Jill encountered a Buick coming toward them in their lane. Tony managed to swerve into the desert to avoid a collision. Susan, driving behind Tony in the second vehicle, failed to see the oncoming Buick due to the hilly terrain and collided with the oncoming Buick. Susan, Roxanne, and Joel sustained numerous injuries.

Both Jill and Tony testified that at the accident scene, they saw a middle-aged man with a scruffy appearance emerge from the Buick and approach Susan's truck. Tony recognized the driver as Ronald Firestone. Firestone asked both Jill and Tony if they were okay. Tony refused Firestone's offer to help and pushed Firestone away. Firestone then walked into the desert, leaving his Buick at the accident scene.

The jury found Firestone guilty of three counts of leaving the scene of an accident. The district court sentenced Firestone to a maximum term of 180 months with parole eligibility after 72 months in the Nevada Department of Prisons on each of the three counts, to be served consecutively. Firestone appealed that conviction. This court dismissed Firestone's direct appeal.[2] Firestone's counsel failed to raise the issue of duplicitous convictions at trial or on appeal.[3]

Firestone filed a timely post-conviction petition for a writ of habeas corpus alleging that his trial and appellate counsel was ineffective for a number of reasons, including failing to object at trial and raise on direct appeal the issue that Firestone's three counts of leaving the scene of the accident resulted in duplicitous convictions. The district court denied Firestone's petition for post-conviction relief. Firestone filed a timely notice of appeal.

---

[2]*Firestone v. State,* Docket No. 30330 (Order Dismissing Appeal, December 20, 1999).

[3]Firestone was represented by the same attorney at trial and on direct appeal.

## DISCUSSION

Firestone's only meritorious allegation of ineffective assistance of counsel is his argument that his counsel should have raised the issue of duplicitous convictions.

To establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness"[4] and that counsel's "deficient performance prejudiced the defense."[5] "To establish prejudice based on the deficient assistance of appellate counsel, the [petitioner] must show that the omitted issue would have a reasonable probability of success on appeal."[6] We conclude that Firestone's trial and appellate counsel was ineffective for failing to challenge the multiple counts of leaving the scene of an accident. Counsel's performance was deficient and prejudiced the defense by omitting an issue that, as explained below, clearly has merit and undermines two of the convictions.

Firestone argues that his constitutional right against double jeopardy has been violated because the district court convicted Firestone of three counts of leaving the scene of the accident. We disagree with Firestone that this case requires a double jeopardy analysis; we conclude that the issue is one of statutory interpretation.

"Statutory interpretation is a question of law reviewed de novo."[7] When a statute is unambiguous it should be given its plain meaning.[8] "[A] court should normally presume that a legislature did not intend multiple punishments for the same offense absent a clear expression of legislative intent to the contrary."[9] Criminal statutes must be "strictly construed and resolved in favor of the defendant."[10]

Firestone was convicted of three counts of leaving the scene of the accident pursuant to NRS 484.219. NRS 484.219 provides:

> 1. The driver of any vehicle involved in an accident on a highway or on premises to which the public has access result-

---

[4]*Strickland v. Washington,* 466 U.S. 668, 688 (1984).

[5]*Id.* at 687.

[6]*Kirksey v. State,* 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

[7]*Construction Indus. v. Chalue,* 119 Nev. 348, 351, 74 P.3d 595, 597 (2003).

[8]*Id.*

[9]*Talancon v. State,* 102 Nev. 294, 300, 721 P.2d 764, 768 (1986).

[10]*Anderson v. State,* 95 Nev. 625, 629, 600 P.2d 241, 243 (1979); *see also City Council of Reno v. Reno Newspapers,* 105 Nev. 886, 894, 784 P.2d 974, 979 (1989).

ing in bodily injury to or the death of a person shall immediately stop his vehicle at the scene of the accident or as close thereto as possible, and shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of NRS 484.223.

2. Every such stop must be made without obstructing traffic more than is necessary.

3. A person failing to comply with the provisions of subsection 1 is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years and by a fine of not less than $2,000 nor more than $5,000.

NRS 484.223 provides:

1. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall:

(a) Give his name, address and the registration number of the vehicle he is driving, and shall upon request and if available exhibit his license to operate a motor vehicle to any person injured in such accident or to the driver or occupant of or person attending any vehicle or other property damaged in such accident;

(b) Give such information and upon request manually surrender such license to any police officer at the scene of the accident or who is investigating the accident; and

(c) Render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person.

2. If no police officer is present, the driver of any vehicle involved in such accident after fulfilling all other requirements of subsection 1 and NRS 484.219, insofar as possible on his part to be performed, shall forthwith report such accident to the nearest office of a police authority or of the Nevada highway patrol and submit thereto the information specified in subsection 1.

Only NRS 484.219 includes a provision making the failure to remain at the scene of an accident a crime. NRS 484.223 merely describes the duties of one involved in an accident, but the statute does not provide a sanction for failing to fulfill those duties. The

only sanction is for leaving the scene of an accident before those duties are fulfilled. Violation of NRS 484.219 does not depend on the number of people injured. The Legislature has stated that the violation is simply leaving the scene of an accident. Since there was only one accident, and one "leaving," the statute allows only one charge of leaving the scene of an accident, regardless of the number of people involved. Counsel clearly should have raised this meritorious issue, and the failure to do so provided Firestone with ineffective assistance of counsel.

We therefore affirm the district court's order in part and reverse it in part. We remand this matter to the district court to vacate two of the convictions for leaving the scene of an accident and for any further proceedings consistent with this opinion.

AGOSTI, ROSE, BECKER and MAUPIN, JJ., concur.

GIBBONS, J., dissenting:

I respectfully disagree with the majority. In accidents involving drunk driving, we have long established the rule "that a course of conduct resulting in harm to multiple victims gives rise to multiple charges of the offense."[1] Although this case does not involve the drunk driving statute, NRS 484.3795, it involves the same societal interests. The Legislature was concerned with minimizing the injuries in drunk driving accidents when it enacted NRS 484.3795.[2] The same is true for violations of NRS 484.219. The Legislature's motive for enacting both statutes was to protect citizens. This is evidenced by the reference in NRS 484.219 to NRS 484.223, which places a duty on the driver to provide information and give aid.

Since we have upheld multiple convictions based on multiple victims in a drunk driving accident, we should uphold multiple convictions based on multiple victims here as well.[3] Because the Legislature enacted NRS 484.219 for the purpose of protecting the public in the same manner as NRS 484.3795, there should be a separate count for each victim. We should follow established precedent and use the same analogy in this case. Firestone caused a head-on collision which directly injured three individuals. NRS 484.219(1) requires that "[t]he driver of any vehicle involved in an accident on a highway . . . resulting in bodily injury . . . shall remain at the scene of the accident." NRS 484.219 also requires the driver to comply with NRS 484.223 to give information and render aid. Firestone did not comply with the statute because he im-

---

[1]*Galvan v. State,* 98 Nev. 550, 555, 655 P.2d 155, 157 (1982).

[2]*Id.*

[3]*Woods v. State,* 114 Nev. 468, 478, 958 P.2d 91, 97 (1998).

mediately left the scene of the accident. Firestone did not give the victims any information, nor did he provide needed aid to those suffering from injuries that he caused. A jury found him guilty on three counts of violating NRS 484.219. Firestone's convictions should be upheld in the interest of protecting the public and serving justice. Therefore, I would affirm the order of the district court denying post-conviction relief.