DESERT VALLEY CONSTRUCTION AND EMPLOYERS IN-SURANCE COMPANY OF NEVADA, APPELLANTS, *v.* KEITH HURLEY, RESPONDENT.

No. 40397

September 2, 2004                                    96 P.3d 739

*Beckett & Yott, Ltd.,* and *Nancy E. Helmbold,* Las Vegas, for Appellant Employers Insurance Company of Nevada.

*J. Michael McGroarty, Chtd.,* and *J. Michael McGroarty,* Las Vegas, for Appellant Desert Valley Construction.

*Greenman Goldberg Raby & Martinez* and *Gabriel A. Martinez* and *Valerie Sanders Hulse,* Las Vegas, for Respondent.

---

Before ROSE, MAUPIN and DOUGLAS, JJ.

## OPINION

By the Court, MAUPIN, J.:

Desert Valley Construction and Employers Insurance Company of Nevada (EICN) appeal from an order denying their petition for judicial review of a workers' compensation award in favor of respondent Keith Hurley. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Hurley was injured at work when he fell from a scaffold. His employer, Desert Valley, provided workers' compensation insurance through EICN. EICN denied Hurley's claim for workers' compensation benefits based upon testing that revealed 747 ng/mL[1] of marijuana metabolite, THC carboxylic acid, in Hurley's post-accident urine sample. A hearing officer upheld the denial of benefits under NRS 616C.230(1)(d), which prohibits compensation for workplace injuries proximately caused by the employee's use of a controlled substance. This statute also provides that the presence of a controlled substance in a worker's system at the time of a workplace injury gives rise to a rebuttable presumption that the controlled substance was a proximate cause of the injury. Hurley appealed the hearing officer's decision to an administrative appeals officer.

Rather than contest before the appeals officer whether NRS 616C.230(1)(d) applied to his claim, Hurley attempted to rebut the presumption that the controlled substance in his system was a

---

[1]Nanograms per milliliter.

proximate cause of his injuries. His theory was that the scaffold rolled into a hole in the floor of the construction site, due to either a defective braking mechanism or his own normal miscalculations, causing the scaffold to turn over on its side.

Although Hurley testified that he believed the scaffold rolled into the hole, he was unsure as to how or why this occurred. A coworker testified that before the accident, the scaffold was positioned approximately six inches from the edge of the hole with the brakes locked. As he turned to walk away, he heard the scaffold fall. This witness observed one corner of the scaffold in the hole after the accident; however, he could not state how the scaffold moved from its preaccident position, as the brakes on the scaffold remained locked. Other Desert Valley employees confirmed the presence of the scaffold in the hole after the accident and that its wheels were locked.

None of the witnesses at the hearing actually observed Hurley fall from the scaffold. However, witnesses indicated that an employee of another contractor, ''Tim the plumber'' (Timothy Griswold), observed the accident. Hurley was unaware of this witness prior to the hearing.

None of the percipient witnesses testified at the hearing concerning Hurley's state of intoxication, or lack thereof, on the day of the accident. However, Dr. Raymond Kelly testified on behalf of EICN concerning the significance of marijuana metabolite levels in excess of 100 ng/mL in urine. Although conceding that the THC metabolite does not of itself cause impairment, he offered his opinion that the laboratory findings in this case inferentially supported the notion that Hurley was impaired at the time of the test; *i.e.,* levels in excess of 100 ng/mL in urine, more likely than not, correlate to the presence of active THC in blood, which could cause impairment.

In her initial ruling, the appeals officer rejected Hurley's evidence that the scaffold rolled into the hole with its wheels locked and thus, concluded that Hurley ''failed to present credible evidence that the accident was caused by anything other than his intoxication which is presumed by operation of NRS 616C.230(1)(d).'' Accordingly, the appeals officer denied Hurley's claim for workers' compensation benefits. Hurley petitioned the district court for review of this conclusion.

Ultimately, Hurley secured an affidavit concerning the accident from Timothy Griswold. Based upon the affidavit, the district court remanded the case for the appeals officer to take additional evidence. On remand, Griswold testified that he observed the scaffold roll into the hole and tip over while Hurley was pulling himself along the ceiling of the construction site, and that the wheel locks would not or did not prevent the scaffold from rolling. Griswold also testified that Hurley did not appear to be intoxicated,

impaired, or under the influence of a controlled substance prior to the accident. Rather, Griswold believed Hurley performed his job well and acted normally.

After the hearing, the appeals officer reversed the prior decision, finding that Griswold's testimony was credible and sufficient to rebut the presumption that Hurley's ingestion of marijuana was a proximate cause of the accident. In this, the appeals officer observed:

> The totality of the evidence, including the testimony of Mr. Griswold as well as the testimony presented at prior hearings, established that Hurley's alleged use of [a] controlled substance was not the proximate cause of his injury, and that the movement of the scaffold into the hole in the flooring was the proximate cause of this injury.

EICN and Desert Valley filed a petition for judicial review, which the district court eventually denied. EICN filed its timely notice of appeal.[2]

## DISCUSSION

This court's review of an administrative agency's decision is confined to the record presented to the agency.[3] We determine whether substantial evidence supports the agency's decision[4] and will not reweigh the evidence or pass on the credibility of witnesses.[5] "Substantial evidence is 'that which "a reasonable mind might accept as adequate to support a conclusion." ' "[6] Further, questions of proximate causation are generally issues of fact left to the trier of fact to resolve.[7]

This appeal primarily concerns the application of NRS 616C.230(1)(d), which states:

> 1. Compensation is not payable pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS for an injury:
>
> . . . .

---

[2]Desert Valley filed a notice of joinder in EICN's appeal.

[3]NRS 233B.135(1)(b).

[4]*Tighe v. Las Vegas Metro. Police Dep't,* 110 Nev. 632, 634, 877 P.2d 1032, 1034 (1994).

[5]*Revert v. Ray,* 95 Nev. 782, 786, 603 P.2d 262, 264 (1979).

[6]*Construction Indus. v. Chalue,* 119 Nev. 348, 352, 74 P.3d 595, 597 (2003) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Edison Co. v. Labor Board,* 305 U.S. 197, 229 (1938))).

[7]*Yamaha Motor Co. v. Arnoult,* 114 Nev. 233, 238, 955 P.2d 661, 665 (1998).

(d) Proximately caused by the employee's use of a controlled substance. If the employee had any amount of a controlled substance in his system at the time of his injury for which the employee did not have a current and lawful prescription issued in his name or that he was not using in accordance with the provisions of chapter 453A of NRS, the controlled substance must be presumed to be a proximate cause unless rebutted by evidence to the contrary.

We recently considered the application of NRS 616C.230(1)(d) in *Construction Industry v. Chalue*.[8] In that case, we noted that the rebuttable presumption codified in the statute was unequivocal, to wit: "if an employee has marijuana in his system when injured, then marijuana caused the accident unless proven otherwise."[9] We also stated that "[t]he presence of the controlled substance does not have to be 'the' proximate cause [of an industrial accident], only 'a' proximate cause."[10] However, to rebut the presumption under NRS 616C.230(1)(d), a workers' compensation claimant need only establish by a preponderance of the evidence that the presence of a controlled substance did not cause the injuries.[11]

The proceedings below concluded and the parties filed their briefs in aid of this appeal prior to our decision in *Chalue*. Aside from seeking an interpretation of NRS 616C.230, which we provided in *Chalue*, EICN asserts that substantial evidence does not support the appeals officer's proximate cause findings, and that Hurley should not have been permitted to rebut the presumption against compensation with evidence of his own negligence.[12] In response, Hurley urges our deference to the appeals officer's ultimate factual conclusion that a dangerous condition at the job site, not the ingestion of marijuana, was the proximate cause of his injuries.

We hold that this matter must be resolved under our interpretation of NRS 616C.230(1)(d) in *Chalue*. In that case, the claimant suffered injuries after falling from a ladder, which shifted into a channel cut into a concrete floor. A subsequent drug test showed the presence of THC, the active ingredient of marijuana, in Chalue's system. Like Hurley, Chalue did not contest the test re-

---

[8]119 Nev. 348, 74 P.3d 595.

[9]*Id.* at 352, 74 P.3d at 597.

[10]*Id.*

[11]*Id.* at 353, 74 P.3d at 598.

[12]We note that, on appeal, EICN has discarded its argument that Hurley fell to the ground because he either stepped off of the scaffold or lost his balance and fell to the ground and concedes on appeal that Hurley's scaffold "tipped over when one of its wheels rolled into a depression/hole in the floor area."

sults. Based upon testimony by Chalue and his foreman, along with hospital records documenting that Chalue did not appear intoxicated, the administrative appeals officer found that Chalue presented sufficient evidence to rebut the statutory presumption.[13] On appeal, we affirmed the order denying a petition for judicial review of the administrative ruling.[14]

In the present case, the appeals officer ultimately concluded that movement of the scaffold was the sole proximate cause of Hurley's accident, expressly excluding Hurley's "alleged use of a controlled substance" as a proximate cause of his injuries. Thus, under *Chalue,* we must consider whether substantial evidence supports that decision.

Evidence at the hearings before the appeals officer established that persons or persons unknown positioned the scaffold within one foot of the hole. While none of Hurley's coworkers actually saw the accident, they testified to the presence of the wheel in the hole after the accident. Griswold, the only eyewitness, unequivocally stated that the accident occurred because the scaffold rolled into the hole and that the brakes were defective. Additionally, Hurley stated that he was aware of the presence of the hole, but was unaware of its close proximity to the scaffold.

Going further, no evidence, beyond Dr. Kelly's inferential testimony, suggests that Hurley was impaired at the time of the accident or that any impairment caused the accident. While EICN asserts that Hurley's balance and judgment must have been impaired and that this must have been a proximate cause of his injuries, the only direct evidence concerning Hurley's alleged state of intoxication came from Griswold, who testified that Hurley did not appear intoxicated and was acting in a normal manner prior to the accident.

We hold that substantial evidence therefore supports the appeals officer's determination that the sole proximate cause of Hurley's injuries was the movement of the scaffold into the hole. Although Griswold was a convicted felon, the appeals officer could certainly discount this impeachment and find Griswold's testimony credible and persuasive. Also, although EICN provided persuasive expert testimony in support of its defense to the claim, we are not in a position to overturn a decision based upon the credibility of live witnesses.[15]

EICN raises the question of whether, under NRS 616C.230(1), a workers' compensation claimant with a positive post-accident drug test must rebut either the laboratory finding or the presumption that the presence of the substance in the worker's system is a

[13]*Id.* at 350-51, 74 P.3d at 596-97.

[14]*Id.* at 354, 74 P.3d at 598-99.

[15]*See Revert,* 95 Nev. at 786, 603 P.2d at 264.

proximate cause of the industrial accident. The claimant has both options. Going further, EICN seeks our embrace of the district court's astute observation that:

> [I]t is inconceivable that the Nevada State Legislature contemplated that a worker with fifty times the legal limit of marijuana in his system would be entitled to Worker's Compensation benefits for injuries suffered on a job site while he was thus impaired.

Absent clarification from the Legislature, any level of a non-prescribed controlled substance in a worker's system implicates the presumption under NRS 616C.230. But, under the current statutory construct, regardless of the substance levels, an administrative tribunal may consider whether forces other than the presence of a controlled substance in the injured worker's system exclude the ingestion as a proximate cause.

We note that neither party contested the application of NRS 616C.230(1)(d) to this matter. The statute applies where an employee's post-accident drug test reveals the presence of a "controlled substance." Here, Hurley's post-accident drug test results showed no evidence of a "controlled substance." Rather, his test showed the presence of marijuana metabolite, which is not listed as a controlled substance,[16] and is not included within the statutory definition of "marijuana."[17] This, however, is a moot point as Hurley concedes that his drug test showed the presence of a controlled substance. This concession was certainly supported by EICN's expert. We will therefore defer for future consideration whether a positive drug test for marijuana metabolite, without more, raises the presumption of NRS 616C.230(1)(d).

## CONCLUSION

Substantial evidence supports the appeals officer's determination that Hurley's use of a controlled substance was not a proximate cause of Hurley's injuries, and that the sole proximate cause was the movement of a corner of the scaffold into the hole in the floor. Accordingly, we affirm the district court's order.

ROSE and DOUGLAS, JJ., concur.

---

[16]*See* NAC 453.510 (Schedule I controlled substances). *But cf. State v. Williams,* 120 Nev. 473, 93 P.3d 1258 (2004) (marijuana metabolite is a "prohibited substance" for purposes of driving under the influence statute).

[17]*See* NRS 453.096.