TONY ALLEN JACOBSON AND AMOREENA VICTORINE, APPELLANTS, v. ESTATE OF DANIEL JAMES CLAYTON, RESPONDENT.

No. 42082

TONY ALLEN JACOBSON AND AMOREENA VICTORINE, APPELLANTS, v. ALAN GLOVER, ADMINISTRATOR OF THE ESTATE OF DANIEL JAMES CLAYTON, DECEASED; AND KEMPER INSURANCE COMPANIES, INC., RESPONDENTS.

No. 42716

September 15, 2005                                    119 P.3d 132

---

[18]We have considered Anderson's other assignments of error and conclude that they are without merit.

*Kilpatrick Johnston & Adler* and *Charles M. Kilpatrick,* Carson City; *Lemons Grundy & Eisenberg* and *Robert L. Eisenberg,* Reno, for Appellants.

*Law Offices of David R. Sidran* and *Sunny M. Kwon* and *David R. Sidran,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In this appeal, we revisit our 1969 decision in *Bodine v. Stinson,*[1] in which we determined that the probate statutes of NRS Chapter 147 provide the statutory scheme for the administration of estates and must be followed in every case regardless of the existence of insurance. We conclude that *Bodine* is superseded by the Legislature's 1971 amendment of NRS 140.040 to specifically allow suits against a special administrator, in place of probate proceedings, when the estate's sole asset is a liability insurance policy.

### FACTS

In September 2001, California resident Daniel Clayton was involved in an automobile collision in Washoe County, Nevada. Apparently, Clayton's vehicle, while towing a trailer, crossed the median and crashed head on into a vehicle in which Carson City,

---

[1]85 Nev. 657, 461 P.2d 868 (1969).

Nevada, residents Tony Allen Jacobson and Amoreena Victorine were traveling. Clayton was killed, and Jacobson and Victorine suffered injuries. Kemper Insurance Companies insured Clayton at the time of the accident through a California-issued automobile liability policy. The district court appointed the Carson City Public Administrator as special administrator of Clayton's Nevada estate (Estate). The district court order appointing the special administrator stated that the liability insurance policy constituted the only asset in Clayton's Nevada estate. Jacobson and Victorine filed a complaint against the Estate to recover damages for their injuries and sought compensation from the automobile liability insurance policy.

The Estate filed a third-party complaint against McDonald's Travel 'N' Fun, the company that owned the trailer Clayton was towing when the accident occurred, for indemnity and contribution. McDonald's moved to dismiss the complaint and the third-party complaint for lack of subject matter jurisdiction, arguing that appellants had failed to follow the probate procedures of NRS Chapter 147. The district court dismissed the complaint *without prejudice*. Appellants then filed a second complaint, still maintaining that they were not required to proceed through probate but also attempting to substantially comply with probate requirements before the statute of limitations for personal injury actions expired. The district court dismissed the second complaint, finding that appellants failed to follow probate procedures and that res judicata barred their second action. Appellants challenge the dismissal of both complaints.

## DISCUSSION

Appellants argue that no formal probate was required because the decedent's only asset in Nevada is the proceeds of an automobile liability insurance policy. According to appellants, the district court erred in relying on *Bodine v. Stinson*,[2] a 1969 case, because in 1971 the Legislature specifically amended NRS 140.040 to allow a claim such as appellants' to proceed outside of probate.

Previously, we have recognized that "[s]tatutory interpretation is a question of law reviewed de novo."[3] We accord the plain meaning to an unambiguous statute.[4]

---

[2]*Id.*

[3]*Construction Indus. v. Chalue,* 119 Nev. 348, 351, 74 P.3d 595, 597 (2003).

[4]*Id.* at 351-52, 74 P.3d at 597.

In this case, the Public Administrator for Carson City filed a petition for letters of administration asking the court to appoint him special administrator so that he could accept service of process for appellants' personal injury action against the Estate. Both the petition and the district court order appointing the special administrator state that "the sole asset is available insurance coverage with Kemper Insurance Companies." Appellants and the Estate apparently proceeded with the suit under NRS Chapter 140, governing special administrators, until McDonald's moved to dismiss. McDonald's, joined by the Estate, argued that appellants should have proceeded in accordance with the probate procedures of NRS Chapter 147 because the decedent had other assets besides the liability insurance policy.

The district court dismissed the complaint based on our 1969 *Bodine* decision. In *Bodine,* plaintiffs in a wrongful death action sued the special administrator of the defendant decedent's estate, alleging that various assets existed, including a liability insurance policy. This court held that, although a special administrator has authority to act regarding wrongful death claims, a special administrator is not liable to estate creditors and cannot pay creditors' claims. Therefore, a special administrator is not a "legal representative" subject to suit under the wrongful death survival statute.[5] We recognized that NRS 147.040 provides the statutory scheme for the administration of estates and that "the procedure to be followed is the same in every case without regard to the existence of insurance."[6] Additionally, we noted that NRS Chapter 147 procedures must be followed when the estate stands to be diminished if the creditor makes a successful claim.[7] Under NRS 147.040, the claimant must first file a claim with the administrator. If the claim is denied, the claimant may timely file suit.

The following year, in *Klosterman v. Cummings,* we reiterated our *Bodine* holding and again determined that a suit against the special administrator of a decedent's estate was barred.[8] The appellants in *Klosterman* argued that because the special administrator may maintain an action for wrongful death, the special administrator also may defend against such an action. In rejecting this argument, we again relied upon the fact that the general administrator is authorized to pay claims, but the special administrator is not so authorized, and we explained that "[i]f an exception is to be made in the procedure for processing a claim against an estate where the

---

[5]85 Nev. at 660, 461 P.2d at 871.

[6]*Id.* at 661, 461 P.2d at 871.

[7]*Id.*

[8]86 Nev. 684, 476 P.2d 14 (1970).

only asset is a policy of liability insurance, the proper forum to effect such a change is the legislature."[9]

A year later, the Legislature added the following emphasized language to NRS 140.040(3):

> In no case shall the special administrator be liable to an action by any creditor, on any claim against the estate, nor pay any claim against the deceased, *except for claims involving wrongful death, personal injury or property damage where the estate contains no assets other than a policy of liability insurance.*[10]

Thus, after the 1971 amendment, NRS 140.040(3) permits the special administrator to pay wrongful death, personal injury, and property damage claims when the estate's only asset is a liability insurance policy. NRS 140.040(3) promotes judicial economy and efficient resolution of claims by enabling a plaintiff with such claims to avoid lengthy, costly, formal probate procedures when the sole asset is a liability insurance policy.

Therefore, NRS 140.040(3), as amended, supersedes our decision in *Bodine.* Here, decedent's Nevada estate contains only a liability insurance policy, and therefore, appellants properly proceeded against the Estate through the special administrator to recover damages for their injuries. Thus, the district court erred in dismissing appellants' first complaint.

## CONCLUSION

The current language of NRS 140.040(3) supersedes this court's decision in *Bodine v. Stinson.* Therefore, the district court erred in concluding that, pursuant to *Bodine,* appellants should have pursued the formal probate proceedings of NRS Chapter 147. Under NRS 140.040(3), the special administrator may pay appellants' personal injury claim because the sole asset in the Nevada estate is a liability insurance policy. Accordingly, in Docket No. 42082, we reverse the district court's order dismissing appellants' complaint and remand for further proceedings. Because we have determined that the district court erred in dismissing the first complaint, we dismiss as moot the appeal in Docket No. 42716 from the district court's order dismissing the second complaint.

---

[9]*Id.* at 686-87, 476 P.2d at 15.

[10]1971 Nev. Stat., ch. 361, § 1, at 648.