IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| James Barron, | ) | OPINION |
| | ) | |
| Petitioner, | ) | Case No. 20110313-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Labor Commission, Hogan & Associates | ) | (March 22, 2012) |
| Construction, and New Hampshire | ) | |
| Insurance Company, | ) | 2012 UT App 80 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:    W. Scott Lythgoe, Deven J. Coggins, and Addison D. Larreau, Ogden,
for Petitioner
Alan L. Hennebold, Salt Lake City, for Respondent Labor Commission
Bret A. Gardner and Kristy L. Bertelsen, Salt Lake City, for Respondents
Hogan & Associates Construction and New Hampshire Insurance Co.

-----

Before Judges Voros, Roth, and Christiansen.

VOROS, Associate Presiding Judge:

¶1     Petitioner James Barron challenges the decision of the Labor Commission
denying him disability compensation. We set aside the Commission's decision and
direct the Commission to reconsider Barron's petition.

## BACKGROUND

¶2     Barron is a welder and connector of structural iron.  He was injured when he fell from the second story of a building under construction.  His workers' compensation claim for disability compensation was denied on the basis that he had drugs in his system at the time of the accident.

¶3     The accident occurred on February 25, 2009.  When Barron arrived at work that morning, the welding foreman assigned him to cut a hole for a drain in the second-story floor, which was covered with temporary metal decking over structural steel beams.  Barron retrieved the cutting torch from one end of the structure and began unrolling the hose as he walked to the location of the drain.  He had no place to tie off his safety harness while he moved across the floor.  As Barron was unrolling the hose, he began walking backward to make sure the hose did not kink.  As he was doing so, he stepped off the edge of the decking and fell more than fourteen feet to the concrete floor, suffering injuries to his spine, arms, and liver, and a possible intracranial bleed.

¶4     A urine sample taken at the hospital the day of the accident tested positive for cocaine metabolites, with a level of 493 ng/ml.  The cutoff concentration level for the initial screening test was 300 ng/ml, and the cutoff concentration for the confirmation test was 150 ng/ml.  Barron admitted to having shared a quarter of a gram of cocaine with a friend two days before the accident.

¶5     Barron filed a workers' compensation claim with the Commission, seeking compensation for permanent partial disability, medical expenses, and recommended medical care.  His employer, Hogan & Associates Construction, and its insurance carrier challenged disability compensation on the basis of Barron's drug use, conceding that the claim was otherwise compensable.  The Administrative Law Judge (ALJ) awarded medical costs but denied disability compensation.  She concluded that the presence of the cocaine metabolite in Barron's system at the time of the accident triggered a statutory presumption that drug use was the major contributing cause of his injury.  *See generally* Utah Code Ann. § 34A-2-302(4)(a) (2011).  The ALJ further concluded that Barron had failed to rebut this presumption, stating, "There is no showing that some outside force caused [Barron] to fall."

¶6     The Commission affirmed the ALJ's decision.  It rejected Barron's assertion regarding the quantity and timing of his cocaine use, based on a letter from a toxicologist stating that the level of cocaine in Barron's system "indicated use of a

greater amount, more recent use, or more frequent use of cocaine than he admitted." The Commission also rejected Barron's argument that the lack of safety measures was the major contributing cause of his injuries, reasoning that Barron "was familiar with the precarious and inherently dangerous circumstances of the construction site where the accident occurred" and that "[t]he evidence shows that it was Mr. Barron's own actions that caused his fall rather than some other force causing him to fall."

¶7     Neither the ALJ's decision nor the Commission's decision discussed testimony offered by Barron indicating that he showed no signs of impairment at the time of the accident.


ISSUE AND STANDARD OF REVIEW

¶8     Barron challenges the Commission's conclusion that he did not present sufficient evidence to rebut the presumption that his drug use was the major contributing cause of his injuries.  The Commission's determination of causation under Utah Code section 34A-2-302 is a question of fact.  *See Lopez v. Kaiser Steel Corp.*, 660 P.2d 250, 251 (Utah 1983).  However, embedded in Barron's argument is a claim that the Commission made an error of law in interpreting the statutory presumption.  "[A]bsent a grant of discretion, an agency's interpretation or application of statutory terms should be reviewed under the correction-of-error standard."  *Esquivel v. Labor Comm'n*, 2000 UT 66, ¶ 14, 7 P.3d 777; *see also* Utah Code Ann. § 63G-4-403(4)(d) (2011).


ANALYSIS

¶9     The Workers' Compensation Act prohibits disability compensation when "the major contributing cause of the employee's injury" is the employee's unauthorized use of alcohol or a controlled substance.[1]  Utah Code Ann. § 34A-2-302(3)(b) (2011).  The statute creates a rebuttable presumption that use of a non-prescribed controlled substance is the major contributing cause when any amount of the substance or its metabolite is found in the employee's system at the time of the injury:

---

1. This penalty does not apply to accidents resulting in death or "when the employer permitted, encouraged, or had actual knowledge of the [penalized] conduct."  *See* Utah Code Ann. § 34A-2-302(3)(b) (2011).  None of these exceptions apply here.

> [I]t is presumed that the major contributing cause of the
> employee's injury is the employee's conduct described in
> Subsection[] (3)(b)(i) . . . if at the time of the injury:
>> (i) the employee has in the employee's system:
>>> (A) any amount of a controlled substance or its
> metabolites if the employee did not obtain the controlled
> substance under a valid prescription[.]

*Id.* § 34A-2-302(4)(a). To trigger the presumption, the presence of the controlled substance or its metabolite must be established by a chemical test that meets certain statutory requirements, which is not challenged here. *See id.* The presumption may be rebutted by evidence showing that (1) the chemical test was inaccurate; (2) the employee did not unlawfully use a controlled substance; (3) the test results do not exclude the possibility of passive inhalation of marijuana; (4) according to expert medical opinion, the level of the controlled substance in the employee's system does not support a finding that drug use was the major contributing cause of the employee's injury; or (5) the employee's drug use "was not the major contributing cause of the employee's injury." *Id.* § 34A-2-302(4)(b).

¶10    Barron attempted to rebut the presumption under the fifth alternative. He contends that he presented two types of evidence showing that his drug use was not the major contributing cause of his injury. First, he argues that testimony showed that he was not impaired the morning of the accident. Second, he argues that unsafe working conditions at the job site were the major contributing cause of his injuries. Respondents counter that testimony of nonimpairment in this case should be given "little, if any, weight," and suggest that for Barron to rebut the presumption under the fifth alternative, he would have to provide evidence that "an outside force" or occurrence was the major contributing cause, and he has not done so.

¶11    The ALJ and the Commission both seem to have read the statute to require Barron to rebut the presumption by identifying a factor other than his drug use as the major cause of his injury. The ALJ's decision concludes that Barron failed to show that his drug use was not the major contributing cause of his injury, because he made "no showing that some outside force caused" his fall. Although three witnesses testified that Barron was not impaired on the morning of the accident, the ALJ did not weigh or otherwise discuss this evidence. Her analysis thus seems to assume that, for Barron to show that drug use was not the major contributing cause of his injury, he was required to identify some other "outside force" that was. Similarly, the Commission's decision

states, "The evidence shows that it was Mr. Barron's own actions that caused his fall rather than some other force causing him to fall through the second-story decking." Given the Commission's lack of findings regarding evidence of nonimpairment, this statement also seems to assume that for Barron to show that drug use was not the major contributing cause of his injury, he was required to identify "some other force" that caused the injury.

¶12    That is not how we read the statute. The statute provides that the presumption may be rebutted by evidence showing that the employee's drug or alcohol use "was not the major contributing cause of the employee's injury." Utah Code Ann. § 34A-2-302(4)(b)(v). While identifying "some other force" as the major contributing cause of the injury would surely be one way to show that the employee's drug or alcohol use was not the major contributing cause of the injury, nothing in the statutory language limits the employee to this approach. Nothing in the statute, for example, would prevent an employee from rebutting the presumption with evidence demonstrating that, whatever the major contributing cause of his injury might have been, it could not have been his drug or alcohol use, because he was not impaired at the time of the accident. This approach is consistent with that taken by a number of states with similar presumptions in their workers' compensation statutes. *See, e.g.*, *Ward v. Hickory Springs Mfg. Co.*, 248 S.W.3d 482, 486–87 (Ark. Ct. App. 2007) (relying on testimony of coworker, supervisor, and manager); *Forrester v. New Orleans Iron Works*, 03-1194, p. 4–10 (La. App. 5 Cir. 2/23/04), 869 So. 2d 216, 218–22 (relying on testimony of employee and coworker); *Construction Indus. Workers' Comp. Grp. ex rel. Mojave Elec. v. Chalue*, 74 P.3d 595, 598–99 (Nev. 2003) (relying on testimony of employee and foreman and report of medical personnel who initially attended to employee after accident). We thus conclude that an employee may rebut the statutory presumption with evidence that he was not impaired at the time of the accident.

¶13    Barron made such an argument before the ALJ and the Commission. He relied on his own testimony, that of his welding foreman and another coworker, and on reports from the medical personnel who treated him immediately after the accident. Barron testified at the hearing, "I wasn't impaired when I went to work . . . . I was fine." A coworker—later terminated for marijuana use—gave Barron a ride to work that morning and worked near Barron for part of the morning. He testified that Barron seemed "normal" and that he did not notice anything unusual about Barron's appearance. The foreman who assigned Barron work the morning of the accident testified that Barron looked like he had a head cold, with a red, sniffling nose. The foreman also testified that he trusted Barron to work safely and that Barron was "very

skilled" at working at dangerous heights, indeed, that he was "cat-like." Barron argues that the foreman's willingness to assign him multiple tasks on the second story that morning also creates a reasonable inference that Barron did not appear to the foreman to be impaired. Finally, several medical personnel who treated Barron the day of the accident reported that Barron was "awake, alert, and oriented."

¶14    Against this testimony, evidence of actual impairment was minimal. The record contains a letter from the toxicologist noting the level of cocaine metabolites found in Barron's system, which was well above the concentration required for a confirmed positive test. The letter also opines that this level of cocaine metabolite "indicated use of a greater amount, more recent use, or more frequent use of cocaine than [Barron] admitted." However, the record contains no evidence of how this level of metabolite in Barron's system would have affected his mental and motor function, if at all, at the time of the accident.[2]

¶15    In sum, Barron's evidence of nonimpairment was substantial, but it was entirely dependent on the credibility of his witnesses. We therefore direct the Commission to determine whether Barron's evidence of nonimpairment, when weighed against any record evidence of impairment, is sufficient to establish that his drug use was not the major contributing cause of his injury. Again, Barron need only demonstrate that his drug use was not the major contributing cause of his injury; he need not demonstrate what was.

¶16    The Commission referred to "the precarious and inherently dangerous circumstances of the construction site." We note that such environmental factors may be relevant to a determination of whether Barron's drug use was the major contributing cause of his injury. A causation analysis necessarily requires the trier of fact to look at all relevant circumstances. *Cf. Murray v. Labor Comm'n*, 2012 UT App 33, ¶ 37, 701 Utah Adv. Rep. 28 (stating in the context of a workers' compensation claim involving preexisting conditions that "the totality of circumstances is relevant to a legal causation analysis"). Thus, evidence of environmental factors may figure into the Commission's analysis when it weighs the evidence on remand.

---

2. Respondents state in their brief that such evidence of impairment had been presented at the hearing, but they do not cite to the record to support this assertion. Barron notes that no such evidence was presented, and we have not found any in our review of the record.

¶17    For example, in *Forrester v. New Orleans Iron Works*, 03-1194 (La. App. 5 Cir. 2/23/04), 869 So. 2d 216, a Louisiana court upheld a trial court's determination that an employee had rebutted the presumption of intoxication based on testimony of nonimpairment and the dangerous working conditions in which the accident occurred. *See id.* at p. 11–13.  The employee was working on a poorly lit roof at night, and he fell off as he walked backward to unwind an extension cord.  *See id.* at p. 6.  Due to a positive drug test, a presumption arose that the accident was caused by the employee's marijuana use.  *See id.* at p. 2.  The employee admitted smoking marijuana two nights before the accident but "denied being under the influence of the drug at work."  *See id.* at p. 7.  The trial court determined the employee's testimony was credible.  *See id.* at p. 11.  A coworker testified that although he had not observed the employee closely, he "had no reason to believe that [the employee] was impaired or under the influence of a drug."  *Id.* at p. 7–8, 12.  Distinguishing cases where the witnesses were found not to be credible and where evidence had been introduced of the impairment effects of particular drug concentrations, the appellate court concluded that, due to the testimony of nonimpairment and the dangerous working conditions, the accident was "easily explained by ordinary negligence."  *See id.* at p. 10–13.

¶18    Finally, we note that, as the Commission weighs the record evidence in determining whether Barron has rebutted the statutory presumption, the presumption itself carries no weight.  A presumption is merely a burden-shifting device; it is not evidence.  "'The main purpose of presumptions is to shift the burden either of producing evidence or of persuasion . . . .  This does not mean that the fact finder may consider or weigh the presumption as evidence.'"  *Massey v. Griffiths,* 2007 UT 10, ¶ 11, 152 P.3d 312 (quoting *In re Estate of Swan*, 4 Utah 2d 277, 293 P.2d 682, 690 (1956)).  "'A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue.'"  *Id.* (quoting *Security State Bank v. Benning*, 433 N.W.2d 232, 234 (S.D. 1988)).

¶19    In sum, under section 34A-2-301(3)(b)(i), subject to exceptions inapplicable here, disability compensation may not be awarded to an employee when the major contributing cause of the employee's injury is the employee's use of a non-prescribed controlled substance.  *See* Utah Code Ann. § 34A-2-301(3)(b)(i) (2011).  One way for an employer to meet its burden of proving that the employee's drug use was the major contributing cause of his injury is with a positive drug test.  *See id.* § 34A-2-302(4)(a).  Proof of a positive drug test triggers a presumption that the employee's drug use was the major contributing cause of his injury.  *See id.*  However, the employee may rebut this presumption with evidence showing that his drug use was in fact not the major

contributing cause of his injury. *See id.* § 34A-2-302(4)(b)(v). As the trier of fact considers whether the employee has tipped the scales in his favor, the positive drug test may weigh against him, but the presumption does not; the presumption merely specifies that, if the scales are in equipoise, the employer wins.[3]

CONCLUSION

¶20    The presumption in the Workers' Compensation Act that an employee's drug or alcohol use was the major contributing cause of an injury shifts the burden of persuasion to the employee to rebut the presumption by a preponderance of the evidence. Evidence that an employee was not in fact impaired at the time of the accident—including testimony of the employee and others who observed the employee near the time of the accident—is relevant to the Commission's determination of whether

---

3.  A presumption may "shift the burden either of producing evidence or of persuasion." *Massey v. Griffiths*, 2007 UT 10, ¶ 11, 152 P.3d 312 (citation and internal quotation marks omitted). *See generally In re Swan's Estate*, 4 Utah 2d 277, 293 P.2d 682, 686–89 (1956) (discussing the effect of rebuttable presumptions on burdens of production and persuasion). In civil cases it is generally the latter. *See generally* 1 *Utah Practice, Mangrum & Benson on Utah Evidence* 99–101, 104–06 (2010–2011). "In a civil case, . . . unless a statute or [the Utah Rules of Civil Procedure] provide otherwise, the party against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Utah R. Evid. 301(a); *see also Burns v. Boyden*, 2006 UT 14, ¶ 20, 133 P.3d 370 (following the persuasion-shifting approach); *Baker v. Pattee*, 684 P.2d 632, 635, 636 (Utah 1984) (same). *But see In re T.E.*, 2011 UT 51, ¶¶ 22–23, 266 P.3d 739 (following the production-shifting approach under a statutory presumption); *Massey*, 2007 UT 10, ¶¶ 12–13 (same). Here, section 34A-2-302(4)(b)(v) permits an employee to rebut the statutory presumption "by evidence showing" the nonexistence of the presumed fact. Utah Code Ann. § 34A-2-302(4)(b)(v) (2011). This provision, together with other provisions of section 34A-2-302(4)(b), and the general rule in civil cases, convinces us that the presumption shifts to the employee the burden of persuasion, not merely the burden of production. The burden of persuasion is satisfied in workers' compensation cases by a preponderance of the evidence. *See Ashcroft v. Industrial Comm'n*, 855 P.2d 267, 269 (Utah Ct. App. 1993) ("The quantum of evidence required to prove compensability is a preponderance of the evidence." (citing *Lipman v. Industrial Comm'n*, 592 P.2d 616, 618 (Utah 1979))).

an employee rebutted the presumption. Because the Commission appears to have decided the case under the erroneous assumption that such evidence was not relevant, we direct the Commission to reconsider Barron's petition under the standards we set forth today.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶21     WE CONCUR:

_____
Stephen L. Roth, Judge

_____
Michele M. Christiansen, Judge