BUDDY MANWILL, APPELLANT, v. CLARK COUNTY, RESPONDENT.

No. 48362

July 26, 2007

162 P.3d 876

*Law Offices of Virginia L. Hunt* and *Virginia L. Hunt*, Las Vegas, for Appellant.

*Gugino Law Firm* and *Rhonda C. Gross*, Las Vegas, for Respondent.

---

Before MAUPIN, C. J., HARDESTY and DOUGLAS, JJ.

## OPINION[1]

By the Court, MAUPIN, C. J.:

This appeal involves, in part, determining the scope of NRS 617.457(1), which sets forth a conclusive presumption that entitles

---

[1]We have determined, under NRAP 34(f)(1), that oral argument is not warranted in this case.

firefighters with heart disease to occupational disease benefits from the date of disablement, so long as the date of disablement occurs at least five years after full-time, uninterrupted work as a firefighter. During the administrative proceedings below, an appeals officer upheld the denial of a firefighter's occupational disease claim under NRS 617.457(1), concluding that the firefighter was not entitled to that statute's conclusive presumption because his heart disease predated the completion of five years' qualifying employment, and his preexisting heart condition had merely progressed over many years, irrespective of his work as a firefighter. The district court later denied judicial review.

We conclude, however, that the statutory conclusive presumption applies to a claimant who contracts heart disease before completing the five-year vesting period, but whose date of disablement from the heart disease takes place after the five-year period has concluded. Accordingly, we reverse the district court's order denying judicial review of the appeals officer's decision. Since, however, the appeals officer did not determine whether the firefighter is actually disabled and therefore entitled to benefits, we remand this matter for further administrative proceedings.

## FACTS

Appellant Buddy Manwill was employed as a firefighter by the Clark County Fire Department from 1981 to 2006. During his 1991 annual physical examination, Manwill revealed that, when he was twenty-four-years old (around 1984), he was diagnosed as having had pericarditis (inflammation of the fibrous tissue that surrounds the heart). Nevertheless, he was cleared for full duty then and in subsequent years.

Starting in 1996, Manwill's chest x-rays and electrocardiograms revealed abnormal findings. A physician suggested that Manwill might have hypertensive disease or congenital heart disease and recommended further evaluation. During the following years, Manwill continued to have abnormal test results and underwent several cardiac evaluations, which ultimately revealed calcification of his pericardium. While some light-duty job restrictions were intermittently imposed, Manwill was otherwise cleared for full-duty firefighter work.

In autumn 2005, magnetic resonance imaging showed constrictive pericarditis, and a physician recommended that Manwill undergo diagnostic catheterization and consideration for a pericardiectomy. Meanwhile, however, Manwill was released for full duty.

Shortly thereafter, Manwill filed an occupational disease claim for constrictive pericarditis, but his claim was summarily denied in a letter pointing only to NRS 617.457(1), the firefighters' conclu-

sive presumption statute. Under that statute, as noted above, the heart disease of a claimant who has been continuously employed as a full-time firefighter for five or more years "before the date of disablement [is] conclusively presumed" to be work-related.

Manwill administratively appealed the claim denial, and an appeals officer determined that, even though Manwill qualified for the conclusive presumption as a full-time firefighter employed with respondent Clark County for more than five years, the conclusive presumption statute did not apply to his claim because Manwill's heart condition, first diagnosed in 1984, predated the completion of his five years' employment vesting period in 1986 and, as medically expected regardless of employment, simply worsened over time. In other words, the appeals officer determined that "[w]hile the presumption of NRS 617.457 relieves a firefighter from having to demonstrate the extent to which his occupation may have contributed to his heart disease, [Manwill's] occupation as a firefighter is not a contributing factor to the progression of his pericarditis and therefore the presumption does not apply"—"[a] congenital heart condition does not become an occupational disease based upon a firefighter[']s qualification for coverage under NRS 617.457."[2] After the district court denied judicial review, Manwill appealed.

## DISCUSSION

Like the district court, this court reviews an appeals officer's decision for clear error or arbitrary abuse of discretion.[3] The appeals officer's fact-based conclusions of law are entitled to deference, and they will not be disturbed if supported by substantial evidence.[4] Further, we may not substitute our judgment for that of the appeals officer as to the weight of the evidence on a question of fact,[5] and our review is limited to the record before the appeals of-

---

[2]It is unclear from the order whether, and if so based on what information, the appeals officer determined that Manwill's heart disease was congenital. According to the physician reports noted in the order, various historical aspects of Manwill's heart condition were "suggestive of hypertensive disease or congenital heart disease" and "most likely secondary to acute trauma, but the true etiology [could not] be determined at [that] time." With respect to constrictive pericarditis, the noted report indicated that pericarditis can be related to infection, but in other cases, "the cause is unknown," and thus, it is "difficult to state whether the heart disease is an occupational heart disease."

[3]*Construction Indus. v. Chalue*, 119 Nev. 348, 352, 74 P.3d 595, 597 (2003); *Ayala v. Caesars Palace*, 119 Nev. 232, 235, 71 P.3d 490, 491 (2003).

[4]*Ayala*, 119 Nev. at 235, 71 P.3d at 491. Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion. *Id.* at 235, 71 P.3d at 491-92.

[5]*Chalue*, 119 Nev. at 352, 74 P.3d at 597.

ficer.[6] Nonetheless, we independently review the appeals officer's purely legal determinations, including those of statutory construction.[7] Here, based on our independent review of NRS 617.457(1), we conclude that the appeals officer clearly erred in construing that statute as requiring a claimant to demonstrate that his employment as a firefighter contributed to his heart disease, when that heart disease predated completion of the claimant's five-year statutory vesting period, even if any date of disablement occurred long after the five-year period had passed.

In Nevada, a person seeking compensation for an occupational disease usually must establish, by a preponderance of the evidence, that the disease arose out of and in the course of employment.[8] As noted above, however, NRS 617.457(1) waives this requirement for claimants who are disabled by heart disease after having continuously worked as full-time firefighters for five or more years, by conclusively presuming that the heart disease is a sufficiently work-related occupational disease:

> Notwithstanding any other provision of this chapter, diseases of the heart of a person who, for 5 years or more, has been employed in a full-time continuous, uninterrupted and salaried occupation as a firefighter or police officer in this State before the date of disablement are conclusively presumed to have arisen out of and in the course of the employment.[9]

Under its plain language, this provision requires a firefighter seeking occupational disease benefits to show only two things: heart disease and five years' qualifying employment before disablement.[10] Thus, NRS 617.457(1) relieves a qualifying firefighter not merely ''from having to demonstrate the extent to which his occupation may have contributed to his heart disease,'' as the appeals officer concluded, but also from having to demonstrate that his occupation contributed to his heart disease altogether.[11] As a result, once the firefighter shows that he has heart disease and five

---

[6]*Ayala*, 119 Nev. at 235, 71 P.3d at 491.

[7]*Chalue*, 119 Nev. at 351-52, 74 P.3d at 597.

[8]NRS 617.358(1).

[9]*See Gallagher v. City of Las Vegas*, 114 Nev. 595, 598, 959 P.2d 519, 520-21 (1998).

[10]*See Chalue*, 119 Nev. at 351-52, 74 P.3d at 597 (reiterating that statutes must be given their plain meaning and pointing out that this court has consistently upheld the plain meaning of Nevada's workers' compensation law); *see also Gallagher*, 114 Nev. at 600-01, 959 P.2d at 521-22 (describing, in light of statutory construction principles, the expansive scope of NRS 617.457).

[11]*See Employers Ins. Co. of Nev. v. Daniels*, 122 Nev. 1009, 1017, 145 P.3d 1024, 1029 (2006) (noting that ''a causal relationship between firefighting and heart disease is conclusively presumed if the firefighters' presumption criteria are met'').

years' qualifying employment before the date of disablement, his heart disease, whatever the cause—whether congenital, idiopathic, or otherwise induced—is covered, despite any preexisting symptom or condition.[12] Consequently, the conclusive presumption under NRS 617.457(1) applies even when a claimant's "occupation as a firefighter is not a contributing factor to the progression of [the disease]"; that is, any heart disease of a firefighter is deemed occupational, whenever contracted, so long as the firefighter qualifies for benefits under the terms of this statute.[13]

To qualify for NRS 617.457's conclusive presumption, a firefighter must have worked in a full-time, continuous, uninterrupted, and salaried firefighter position for five or more years before the date of disablement.[14] In this case, as the appeals officer found and the parties do not dispute, Manwill worked in a qualifying firefighter position for significantly more than five years before the date of his occupational disease claim. Accordingly, even if his heart disease was apparent before he had completed five years' employment as a firefighter, so long as his date of disablement occurred after the five-year statutory vesting period ran, he was entitled to NRS 617.457's conclusive presumption that his heart disease arose out of and in the course of employment.[15] The appeals officer plainly erred in concluding otherwise.[16]

In denying the claim under NRS 617.457, the appeals officer did not determine whether, and if so when, Manwill was disabled

---

[12]*See Gallagher*, 114 Nev. at 601 n.9, 959 P.2d at 522 n.9 (noting that "[i]f the legislature believes some limitation is necessary, it may amend the statute to terminate application of the presumption at some definite point"). *But see* NRS 617.457(6) (precluding a firefighter from benefiting from the conclusive presumption if the firefighter fails to correct predisposing conditions that lead to heart disease when warned in writing to do so).

[13]*Compare* NRS 617.366(1) (providing that the resulting condition of a claimant with a preexisting non-occupational disease who contracts an occupational disease that "aggravates, precipitates or accelerates" the preexisting condition is compensable, unless it is shown that the occupational disease is not a "substantial contributing cause of the resulting condition"), *and* NRS 617.457(2) (governing the presumption applied to voluntary firefighters and looking in part to "the onset of the disease"), *with* NRS 617.457(1) (applying the firefighters' conclusive presumption to firefighters who hold qualifying positions for five or more years before "the date of disablement," "[n]otwithstanding any other provision of this chapter").

[14]NRS 617.457(1).

[15]*Cf. Gallagher*, 114 Nev. 595, 959 P.2d 519 (concluding that the firefighters' conclusive presumption applies to heart diseases that disable firefighters during retirement, relieving the firefighters of showing a causal work connection, so long as the firefighters were employed in full-time, continuous, uninterrupted, and salaried positions for more than five years at some point before they were disabled).

[16]In light of this conclusion, we do not address the parties' arguments with respect to the onset of Manwill's condition.

from his heart disease. As we most recently reiterated in *Employers Insurance Co. of Nevada v. Daniels*,[17] to receive occupational disease compensation, a firefighter must be disabled by the heart disease: "[a]n employee is not entitled to compensation 'from the mere contraction of an occupational disease. Instead, compensation . . . flows from a disablement resulting from such a disease.' "[18] Because, here, the appeals officer did not determine whether Manwill was disabled from his heart disease for purposes of obtaining compensation, we remand this matter for further proceedings with respect to Manwill's occupational disease claim.

## CONCLUSION

NRS 617.457(1)'s conclusive presumption applies to heart diseases of qualifying firefighters, entitling them to occupational disease compensation from the date they are deemed disabled, so long as this date occurs after at least five years of full-time, continuous work as a firefighter. Any onset of the heart disease before the five-year vesting period is completed does not affect the statutory presumption. Because the appeals officer plainly erred in concluding that the conclusive presumption statute did not apply to Manwill's claim because Manwill had developed heart disease before he completed five qualifying years as a firefighter, we reverse the district court's order denying judicial review, and we remand this matter to the district court. On remand, the district court is instructed to grant judicial review and remand this matter for additional administrative proceedings to determine whether Manwill is entitled to occupational disease compensation in light of this opinion and NRS 617.457.

HARDESTY and DOUGLAS, JJ., concur.

---

[17]122 Nev. at 1014, 145 P.3d at 1027 (quoting *Prescott v. United States*, 523 F. Supp. 918, 927 (D. Nev. 1981)).

[18]For occupational disease purposes, "disablement" means "physically incapacitated." NRS 617.060; *see also* NRS 617.420 (providing that an occupational disease claimant is not entitled to compensation unless he has been incapacitated "for at least 5 cumulative days within a 20-day period from earning full wages"); *Daniels*, 122 Nev. at 1014-15, 145 P.3d at 1027-28 (explaining that a claimant is disabled for purposes of obtaining occupational disease benefits when the occupational disease prevents the claimant from " 'working for at least five cumulative days during a twenty-day period' " (quoting *Mirage v. State, Dep't of Administration*, 110 Nev. 257, 260, 871 P.2d 317, 319 (1994))).