129 Nev., Advance Opinion 31

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF LAS VEGAS,<br>Appellant,<br>vs.<br>KEVIN EVANS,<br>Respondent. | No. 59089 |

**FILED**

MAY 02 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review in a workers' compensation action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Affirmed.*

Lewis Brisbois Bisgaard & Smith, LLP, and Daniel L. Schwartz, Las Vegas,
for Appellant.

King, Gross & Sutcliffe, Ltd., and Marvin S. Gross, Las Vegas,
for Respondent.

---

BEFORE GIBBONS, DOUGLAS and SAITTA, JJ.

## OPINION

By the Court, SAITTA, J.:

In this appeal, we resolve issues arising from a workers' compensation action brought by respondent Kevin Evans, a firefighter for appellant City of Las Vegas, who was diagnosed with cancer within four years from the commencement of his employment with the City. Evans filed a claim for workers' compensation benefits, asserting that his cancer

13-12813

was a compensable occupational disease that resulted from his work as a firefighter.

The salient issue that we address is the relationship between NRS 617.440—a statute that, in conjunction with NRS 617.358, delineates the requirements for establishing a compensable occupational disease—and NRS 617.453—a statute that provides for a qualified, rebuttable presumption that a firefighter's cancer constitutes a compensable occupational disease. As these statutes pertain to this matter, we address whether the appeals officer erred in determining that Evans could be awarded workers' compensation benefits upon satisfying NRS 617.440's requirements despite not qualifying for NRS 617.453's rebuttable presumption. We also address whether the appeals officer abused her discretion in determining that Evans' cancer was a compensable occupational disease under NRS 617.440.

Based upon the statutes' plain meaning, we conclude that the district court did not err in denying judicial review and upholding the appeals officer's determination that a firefighter, such as Evans, who fails to qualify for NRS 617.453's rebuttable presumption can still seek workers' compensation benefits pursuant to NRS 617.440 by proving that his or her cancer is an occupational disease that arose out of and in the course of his or her employment. We further conclude that the appeals officer did not abuse her discretion in determining that Evans' cancer was a compensable occupational disease.

### FACTS AND PROCEDURAL HISTORY

Evans began his employment as a firefighter for the City in October 2004. In this capacity, he responded to over 100 fires, which repeatedly exposed him to fire, smoke, and combustion byproducts. Four years after beginning his employment as a firefighter, Evans experienced

health problems which led him to undergo an MRI that revealed a brain tumor. Evans temporarily ceased working following the MRI. He underwent surgery to remove the tumor, which was diagnosed as cancerous, and started postoperative treatment. As a result of the aggressive nature of his cancer, he continued regular follow-up treatment, which included chemotherapy.

Evans filed a claim with the City for workers' compensation benefits asserting that his cancer was a compensable occupational disease caused by his work-related exposure to toxic chemicals and smoke. The City denied the claim.

Subsequently, Evans appealed the denial of his claim to the Department of Administration Hearings Division. The hearing officer determined that NRS 617.440, which states the requirements for proving a compensable occupational disease, did not apply to Evans' claim. She further concluded that only NRS 617.453 applied to his claim, which provides that a firefighter's cancer developed or manifested out of or in the course of employment is presumed to be a compensable occupational disease if he or she worked as a firefighter for five years or more and has met other conditions. The hearing officer affirmed the denial of the claim because Evans had not been employed as a firefighter for five years.

On appeal before an appeals officer, Dr. James Melius—a doctor who has studied cancer in firefighters for over thirty years—and Dr. Paul Michael—the doctor who treated Evans and who had nearly eight years of experience in treating brain cancer—provided testimony that supported Evans' contention that his cancer resulted from his employment, thereby constituting a compensable occupational disease. The appeals officer determined that despite Evans not qualifying for NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

3

617.453's presumption, he could still seek workers' compensation benefits by satisfying NRS 617.440's requirements. Upon concluding that Evans satisfied NRS 617.440's requirements, the appeals officer reversed the hearing officer's affirmation of the City's denial of Evans' claim and ordered the City to provide the appropriate benefits to Evans.

The City petitioned the district court for judicial review of the appeals officer's decision, which the district court denied. This appeal followed.

## DISCUSSION

The City argues that the appeals officer (1) erred in concluding that Evans could be awarded workers' compensation benefits pursuant to NRS 617.440 and (2) abused her discretion in determining that Evans' cancer was a compensable occupational disease. We disagree.

*The appeals officer did not err in concluding that Evans could be awarded workers' compensation benefits by satisfying NRS 617.440's requirements*

The City argues that the appeals officer erroneously applied NRS 617.440 to Evans' claim because NRS 617.453 expressly precludes Evans from seeking compensation under NRS 617.440. We disagree.

We review an administrative decision in the same manner as the district court. *Riverboat Hotel Casino v. Harold's Club*, 113 Nev. 1025, 1029, 944 P.2d 819, 822 (1997). Hence, questions of law, such as statutory interpretation, are reviewed de novo. *Id.*; *see also Irving v. Irving*, 122 Nev. 494, 496, 134 P.3d 718, 720 (2006).

*The statutes' plain language*

"When a statute is clear and unambiguous, we give effect to the plain and ordinary meaning of the words . . . ." *Cromer v. Wilson*, 126 Nev. ___, ___, 225 P.3d 788, 790 (2010). In assessing a statute's plain meaning, provisions are read as a whole with effect given to each word and

phrase. *Arguello v. Sunset Station, Inc.*, 127 Nev. ___, ___, 252 P.3d 206, 209 (2011). In the context of Nevada workers' compensation laws, we have "consistently upheld the plain meaning of the statutory scheme." *SIIS v. Prewitt*, 113 Nev. 616, 619, 939 P.2d 1053, 1055 (1997).

The plain language of the statutes at issue reveals the general requirements for establishing a compensable occupational disease, which are articulated by NRS 617.440 in conjunction with NRS 617.358, and an exception to these general requirements in the form of a rebuttable presumption under NRS 617.443.

NRS 617.440 and NRS 617.358 articulate the general requirements for proving a compensable occupational disease. NRS 617.358(1) states that an employee cannot receive compensation for an occupational disease unless he or she "establish[es] by a preponderance of the evidence that the employee's occupational disease arose out of and in the course of his or her employment." NRS 617.440 provides the requirements for proving that an occupational disease arose "out of and in the course of [one's] employment." NRS 617.440(1)-(3); *see Palmer v. Del Webb's High Sierra*, 108 Nev. 673, 674, 676, 838 P.2d 435, 435, 437 (1992).

Both NRS 617.358(3) and NRS 617.440(5) express that their respective requirements do not apply to claims filed under NRS 617.453, which provides for a qualified, rebuttable presumption that a firefighter's cancer is a compensable occupational disease. NRS 617.358(3) states that "[t]he provisions of this section do not apply to any claim filed for an occupational disease described in NRS 617.453 . . . ." Similarly, NRS 617.440(5) provides that "[t]he requirements set forth in this section do not apply to claims filed pursuant to NRS 617.453 . . . ." In stating their respective relationships to NRS 617.453, these statutes provide nothing

Supreme Court
OF
Nevada

(O) 1947A

more than the acknowledgement that one who seeks compensation under NRS 617.453 need not satisfy the requirements imposed by NRS 617.358 and NRS 617.440.

The plain language of NRS 617.453 creates an exception to NRS 617.358's and NRS 617.440's requirements by granting firefighters diagnosed with cancer who meet certain conditions a qualified, rebuttable presumption that their cancer is a compensable occupational disease that arose "out of and in the course of the[ir] employment." NRS 617.453(1), (5). To qualify for this presumption, one must have been employed as a full-time firefighter for five or more years. NRS 617.453(1)(a)(1). If one qualifies for NRS 617.453's presumption, then his or her "[d]isabling cancer is presumed to have developed or manifested itself out of and in the course of the employment . . . [and] [t]his rebuttable presumption must control the awarding of benefits pursuant to this section unless evidence to rebut the presumption is presented." NRS 617.453(5). Pursuant to NRS 617.358(3)'s and NRS 617.440(5)'s plain language, as addressed above, one who qualifies for NRS 617.453's rebuttable presumption need not satisfy the requirements under NRS 617.358 and NRS 617.440.

NRS 617.453's qualified, rebuttable presumption rests upon certain conditions, the absence of which only results in the loss of that presumption. *See* NRS 617.453(1), (2), (5). Contrary to the City's argument, NRS 617.358, NRS 617.440, and NRS 617.453 lack language communicating that a firefighter with cancer cannot seek recovery under the two former statutes as a result of not qualifying for the latter statute's presumption.

Here, when Evans failed to qualify for the presumption under NRS 617.453, he lost the benefit of that presumption but did not lose the

 

opportunity to seek workers' compensation benefits for his cancer by satisfying NRS 617.440's requirements for establishing a compensable occupational disease.

Accordingly, we conclude that the appeals officer did not err in determining that Evans could be awarded workers' compensation benefits under NRS 617.440, and thus, the district court did not err in denying judicial review on this issue. The plain meaning of the statutes reveals that NRS 617.453 affords a firefighter a qualified, rebuttable presumption that his or her cancer is a compensable occupational disease and a firefighter who fails to qualify for this presumption can still seek workers' compensation benefits for his or her cancer by satisfying the requirements under NRS 617.440, in conjunction with NRS 617.358.[1]

---

[1]The analysis above is congruent with our analysis in *Manwill v. Clark County*, 123 Nev. 238, 162 P.3d 876 (2007). In *Manwill*, we articulated the relationship between NRS 617.358, which implicates NRS 617.440, and NRS 617.457's conclusive presumption that a firefighter's heart disease is a compensable occupational disease. *Id.* at 242, 162 P.3d at 879. The language in NRS 617.358(3) and NRS 617.440(5) that bars the application of these statutes to claims under NRS 617.453 also pertains to claims under NRS 617.457. In *Manwill*, we stated that, generally, one seeking compensation for an occupational disease must prove that the disease "arose out of and in the course of employment" pursuant to NRS 617.358. 123 Nev. at 242, 162 P.3d at 879. We also provided that a firefighter who qualifies for NRS 617.457's presumption is relieved from the burden of satisfying NRS 617.358's requirements. *Id.* Thus, our analysis demonstrated that NRS 617.457 is a presumption that provides for an exception to the requirements under NRS 617.358 and, by implication, NRS 617.440. *See id.* Similarly, in this appeal we conclude that NRS 617.453's presumption is an exception to the general requirements under NRS 617.358 and NRS 617.440; this presumption does not serve as the exclusive means for a firefighter with cancer arising

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

*The district court did not abuse its discretion in determining that Evans' cancer was a compensable occupational disease pursuant to NRS 617.440*

The City argues that substantial evidence does not support the appeals officer's conclusion that Evans' cancer constituted a compensable occupational disease. We disagree.

"When a party challenges a district court's decision to deny a petition for judicial review of an administrative agency's determination, . . . [we] review the evidence presented to the agency and ascertain whether the agency abused its discretion by acting arbitrarily or capriciously." *Father & Sons & a Daughter Too v. Transp. Servs. Auth. of Nev.*, 124 Nev. 254, 259, 182 P.3d 100, 103 (2008). We must not substitute our "judgment for that of the agency as to the weight of evidence on questions of fact." *Schepcoff v. SIIS*, 109 Nev. 322, 325, 849 P.2d 271, 273 (1993). "We defer to an agency's findings of fact as long as they are supported by substantial evidence." *Rio All Suite Hotel & Casino v. Phillips*, 126 Nev. ___, ___, 240 P.3d 2, 4 (2010). "Substantial evidence exists if a reasonable person could find the evidence adequate to support the agency's conclusion . . . ." *Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008). Moreover, we are limited to the record that was before the agency. NRS 233B.135(1)(b); *Garcia v. Scolari's Food & Drug*, 125 Nev. 48, 56, 200 P.3d 514, 520 (2009).

---

*. . . continued*

out of or in the course of employment to seek workers' compensation benefits.

NRS 617.440 provides the requirements for determining whether a disease arose out of and in the course of employment so as to be deemed a compensable occupational disease. NRS 617.440(1) states:

> An occupational disease defined in this chapter shall be deemed to arise out of and in the course of the employment if:
>
> (a) There is a *direct causal connection* between the conditions under which the work is performed and the occupational disease;
>
> (b) It can be seen to have followed as a *natural incident* of the work as a result of the exposure occasioned by the nature of the employment;
>
> (c) It can be fairly traced to the employment as the *proximate cause*; and
>
> (d) It *does not come from* a hazard to which workers would have been equally exposed *outside of the employment*.

(Emphases added.)

In proving that one's employment caused his or her disease, one "must show, with medical testimony, that it is more probable than not that the occupational environment was the cause of the acquired disease." *Seaman v. McKesson Corp.*, 109 Nev. 8, 10, 846 P.2d 280, 282 (1993). Hence, one must show the probability of causation. *Id.*

NRS 617.440(2) clarifies that "[t]he disease must be incidental to the character of the business and not independent of the relation of the employer and employee." NRS 617.440(3) further clarifies that "[t]he disease need not have been foreseen or expected, but after its contraction must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a natural consequence."

Here, the evidence of Evans' on-the-job exposure to carcinogens along with Doctor Melius's and Michael's testimony satisfied NRS 617.440's requirements for proving a compensable occupational disease. The evidence established a direct causal connection between Evans' cancer and his exposure to carcinogens at work. It also revealed that Evans' cancer arose as a natural incident of his exposure to carcinogens, that this exposure would not have otherwise occurred off the job, and that his cancer can be fairly linked to his job as the proximate cause.

Based on his knowledge, expertise, research, and examination of Evans' medical and work records, Dr. Melius testified that, in his medical opinion, Evans' work as a firefighter caused his cancer. He asserted that Evans, as a firefighter, exposed himself to carcinogens and that studies reveal that being exposed to these carcinogens creates a higher risk of developing brain cancer. He also stated that even one single encounter with such carcinogens can cause cancer if the encounter is of an intense nature. Based upon similar grounds, Dr. Michael testified that, in his medical opinion, Evans' activities as a firefighter caused his cancer. In light of Evans' work history, which included over 100 encounters with fire that entailed intense exposure to carcinogens, Doctor Melius's and Michael's testimony established a direct causal relationship between Evans' cancer and his work. *See* NRS 617.440(1)(a).

Dr. Melius further testified that a firefighter's brain cancer, such as that of Evans, can be a natural incident of a firefighter's job. He asserted that when fighting a fire, a firefighter unavoidably exposes himself or herself to the carcinogens that are present within smoke and a firefighter's use of protective gear does not eliminate such exposure.

Together with the evidence of Evans' job-related contact with carcinogens, Dr. Melius's testimony showed that Evans' cancer resulted from his unavoidable exposure to carcinogens, which was a natural incident of working as a firefighter. *See* NRS 617.440(1)(b), (2), (3).

Finally, Dr. Melius's testimony provided that firefighters, such as Evans, have a higher risk of developing brain cancer than the general public due to the former's uniquely intense and frequent on-the-job exposure to cancer-causing carcinogens that are released in large amounts as a result of the combustion that occurs during a fire. Dr. Michael provided similar testimony. Doctor Melius's and Michael's testimony and the evidence of Evans' on-the-job exposure to carcinogens revealed that Evans' cancer resulted from his exposure to cancer-causing carcinogens as a result of firefighting and that Evans would not have been equally exposed to such carcinogens outside of his work. *See* NRS 617.440(1)(d).

The conclusion that Evans' work as a firefighter proximately caused his cancer is well supported by the cumulative effect of the evidence and testimony. Further establishing proximate cause, Dr. Michael, who treated Evans and knew of his work and health history, expressed that, to a reasonable degree of certainty, Evans' cancer resulted from his exposure to carcinogens as a firefighter and not to other cancer-causing substances outside of his work. *See* NRS 617.440(1)(c).

Accordingly, we conclude that substantial evidence supports the appeals officer's conclusion that Evans' cancer was a compensable occupational disease.[2] *See* NRS 617.440(1)-(3).

_____

[2]We have considered the City's remaining contentions and conclude that they are without merit.

## CONCLUSION

The appeals officer did not err in determining that Evans could be awarded workers' compensation benefits under NRS 617.440. The plain meaning of NRS 617.453 affords firefighters a qualified, rebuttable presumption that their cancer is a compensable occupational disease, and firefighters who fail to qualify for this presumption can seek workers' compensation benefits for their cancer by satisfying the requirements under NRS 617.440, in conjunction with NRS 617.358. Furthermore, the appeals officer did not abuse her discretion in concluding that Evans' cancer was a compensable occupational disease pursuant to NRS 617.440. Accordingly, we affirm the district court's denial of the City's petition for judicial review.

_____, J.
Saitta

We concur:

_____, J.
Gibbons

_____, J.
Douglas