An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS N. MULDOON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65473

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S.Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his petition filed on December 17, 2013, appellant claimed that he received ineffective assistance of trial counsel.[2] To prove

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]To the extent that appellant raised any claims independently of his claims of ineffective assistance of counsel, we conclude that those claims were outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a).

To the extent that appellant challenges the district court's finding that he is a vexatious litigant, such a decision is not appealable. We note that appellant may seek review of the vexatious-litigant finding in an

*continued on next page...*

14-23892

ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that trial counsel failed to adequately assist him in light of his disability. Appellant failed to provide any specific facts in support of this claim and thus he failed to demonstrate that his

*...continued*
original petition for a writ of mandamus. *See Peck v. Crouser*, 129 Nev. ___, ___, 295 P.3d 586, 588 (2013).

counsel's performance was deficient. Appellant was evaluated for competency and found to be competent. Appellant was further personally canvassed about entering a guilty plea. Appellant failed to demonstrate that there was a reasonable probability that he would not have entered a guilty plea and would have gone to trial in light of the benefit he received—the State agreed not to seek habitual criminal adjudication. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel intended to do him harm, had malice, and was deceitful. Appellant failed to provide any facts in support of this claim, and thus he failed to demonstrate that his counsel's performance was deficient. Appellant failed to demonstrate that he was prejudiced in light of the benefit discussed above. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel was ineffective at sentencing for not presenting the court with his medical history, for not securing an expert to discuss appellant's rehabilitation, and for not asking for probation. Appellant failed to demonstrate that his trial counsel's performance was deficient as appellant himself informed the district court about his disability and the district court accepted appellant's statement of fact regarding his disability (brain injury). Appellant's counsel did argue for leniency and presented the court with letters from appellant's mother and social worker. In light of his prior convictions and the facts of this offense, appellant failed to demonstrate that there was a reasonable probability of a different outcome at sentencing had trial counsel presented the court with more information about appellant's medical

history, presented an expert regarding rehabilitation, or asked for probation. Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc:    Hon. David B. Barker, District Judge
Thomas N. Muldoon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.