An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PERCY LAVAE BACON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62240

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant filed his petition on August 10, 2012, five years after issuance of the remittitur on direct appeal on May 3, 2007.[2] *Bacon v. State*, Docket No. 46576 (Order of Affirmance, April 6, 2007). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]We note that the district court's order refers to appellant's petition having been filed on August 27, 2012. Our review of the record revealed that his petition was filed on August 10, 2012, and a supplement was filed on August 20, 2012.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30710

appellant's petition was successive because he had previously filed numerous post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had good cause to overcome the procedural bars because the district court deprived him of standby counsel. This claim did not demonstrate good cause for filing a petition five years late. Further, this claim was raised on direct appeal and was rejected by this court. The doctrine of law of the case prevents further litigation of this claim and "cannot be avoided by a more detailed and precisely focused argument." *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). Therefore, the district court did not err in denying this claim.

---

[3]*Bacon v. State*, Docket No. 50612 (Order of Affirmance, May 15, 2008); *Bacon v. State*, Docket Nos. 53804, 53915 (Order of Affirmance, October 21, 2009); *Bacon v. State*, Docket No. 55097 (Order of Affirmance, July 22, 2010).

Second, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel would have been discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), but appellant did not request the appointment of counsel to assist him in those proceedings. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel sue sponte and the decision in *Martinez* would not provide good cause for this late and successive petition.

Finally, appellant argued that he could overcome application of the procedural bars because he was actually innocent. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Further, appellant failed to overcome the presumption of prejudice to the State. Therefore,

we conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[4]To the extent that appellant challenges the district court's finding that he is a vexatious litigant, such a decision is not appealable. We note that appellant may seek review of the vexatious-litigant finding in an original petition for a writ of mandamus. *See Peck v. Crouser*, 129 Nev. ___, ___, 295 P.3d 586, 588 (2013).

We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:    Hon. Jennifer P. Togliatti, District Judge
Percy Lavae Bacon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk