An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CCMSI,
Appellant,
vs.
FRANK GOODIN,
Respondent.

No. 66359

**FILED**

DEC 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting a petition for judicial review in a workers' compensation action. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

As an initial matter, appellant CCMSI argues on appeal that the district court lacked jurisdiction to consider the petition for judicial review because respondent Frank Goodin did not name his employer, the State of Nevada, Department of Corrections, as a respondent to the petition. *See* NRS 233B.130(2)(a) (requiring a party seeking judicial review of an administrative decision to "[n]ame as respondents the agency and all parties of record to the administrative proceeding"). A review of the record demonstrates, however, that the State was not a party to the administrative proceedings, and thus, it was not necessary for Goodin to name the State as a respondent to the petition for judicial review. *See id.*

With regard to the merits of the district court's decision to grant the petition for judicial review, this court, like the district court, reviews an appeals officer's decision in an administrative matter for clear error or an arbitrary abuse of discretion. NRS 233B.135(3); *Manwill v. Clark Cnty.*, 123 Nev. 238, 241, 162 P.3d 876, 879 (2007). Judicial review is confined to the record before the appeals officer, and on issues of fact

SUPREME COURT
OF
NEVADA

(O) 1947A

14-41645

and fact-based conclusions of law, the appeals officer's decision will not be disturbed if it is supported by substantial evidence. *Manwill*, 123 Nev. at 241-42, 162 P.3d at 879. "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (internal quotation marks omitted).

Having considered the parties arguments and the record on appeal, we conclude that the district court improperly substituted its judgment in this case for that of the appeals officer. Here, the appeals officer concluded that CCMSI properly denied Goodin's claim for heart disease related workers' compensation benefits because, although Goodin was a corrections officer who was generally entitled to the statutory presumption that his heart disease arose out of and in the course of his employment, NRS 617.457(1), he was precluded from enjoying the benefits of that presumption insofar as he had been ordered in writing to correct certain predisposing conditions that lead to heart disease, but he had failed to correct these conditions even though it was within his ability to do so. NRS 617.457(10).

In support of the appeals officer's conclusion, the record evidence demonstrates that, in 2010 and 2011, before he was diagnosed with heart disease, Goodin was instructed in writing by his examining physician to correct the predisposing conditions of low HDL cholesterol and high triglycerides, but that he failed to correct these conditions. Moreover, the record shows that, at least with regard to his triglyceride level, correction of the condition was within Goodin's ability, as, after Goodin's heart disease was diagnosed, he began taking medication and his triglyceride level then fell to within the recommended limits.

Thus, the appeals officer's conclusion that Goodin could have corrected his triglyceride level by consulting a primary care physician and taking medication was supported by substantial evidence in the record. As a result, the district court was required to defer to this conclusion. *See Manwill*, 123 Nev. at 241-42, 162 P.3d at 879. And because the record supports the appeals officer's conclusion that Goodin failed to correct a predisposing condition that was within his ability to correct, he was not entitled to the benefit of the presumption that his heart disease arose out of and in the course of his work. *See* NRS 617.457(10). Accordingly, the district court was required to affirm the denial of benefits, *see Manwill*, 123 Nev. at 241-42, 162 P.3d at 879, and we therefore

ORDER the judgment of the district court REVERSED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., dissenting:

Because I profoundly disagree with my colleagues decision to reverse the district court's grant of judicial review, thereby depriving respondent, corrections officer Frank Goodin, of the benefit of NRS 617.457(10)'s presumption that his heart disease arose out of and in the course of his employment, I must dissent.

By its terms, NRS 617.457(10) could only preclude Goodin from enjoying the benefit of that presumption if he failed to correct a predisposing condition *that was within his ability to correct.* But here,

Goodin testified that after being ordered to improve his HDL cholesterol and triglyceride levels, he exercised, eliminated virtually all red meat from his diet, and began taking fish oil pills in an effort to address these concerns. In so doing, he took all of the specific steps that the examining physician had directed him to take in order to correct these predisposing conditions.

While it is true that Goodin did not consult a primary care physician, this alone cannot be dispositive to exclude him from the benefits of NRS 617.457(10)'s presumption. The record demonstrates that Goodin had already received the examining physician's advice on how to improve his HDL cholesterol and triglyceride levels—advice that, as discussed above, he fully complied with—and nothing in the record provides any indication that another doctor would have advised him to proceed any differently to address these issues.

In essence then, this court has opted to reverse the district court's grant of judicial review based simply on the *possibility* that a second doctor *might* have prescribed medications to treat these issues and that those medications *might* have improved Goodin's HDL cholesterol and triglyceride levels. But when Goodin visited another doctor regarding an unrelated matter, he apparently asked that doctor's advice regarding how best to address these issues and was once again told that diet and exercise were the way to improve his conditions.

Also worth noting is that while Goodin's HDL cholesterol and triglyceride levels did initially worsen in 2011, the record demonstrates that these levels did, in fact, improve between 2011 and 2012. The record further reveals that, even when Goodin began taking medication following his 2012 cardiac episode, his HDL cholesterol had not risen to the

recommended level when he was examined again in 2013. Despite the improvements in Goodin's conditions between 2011 and 2012, and the ultimate failure of his prescribed medication to bring about the necessary improvements in his HDL levels, however, this court has opted to reinstate the appeals officer's decision to strip Goodin of the benefits of NRS 617.457(10)'s presumption solely because he did not seek out a primary care physician for further advice regarding his HDL cholesterol and triglyceride levels.

For the reasons stated herein, I believe that the appeals officer clearly erred in finding that Goodin had failed to correct his predisposing conditions within his ability to do so, and I would therefore affirm the district court's grant of his petition for judicial review of that decision. *See* NRS 233B.135(3); *Manwill v. Clark Cnty.*, 123 Nev. 238, 241, 162 P.3d 876, 879 (2007).

_____, J.
Cherry

cc:  Hon. Abbi Silver, District Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Edward M. Bernstein & Associates/Las Vegas
Eighth District Court Clerk