An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| CITY OF YERINGTON; AND PUBLIC AGENCY COMPENSATION TRUST, Appellants, vs. PATRICK GUTIERREZ; AND EMPLOYERS INSURANCE COMPANY OF NEVADA, Respondents. | No. 62910 <br><br> **FILED** <br><br> JAN 2 2 2015 <br><br> TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review of an administrative court decision for lack of jurisdiction. Third Judicial District Court, Lyon County; William Rogers, Judge.

In 2011, respondent Patrick Gutierrez attempted to reopen two workers' compensation claims. One claim was against respondent Employers Insurance Company of Nevada (EICON), which rejected Gutierrez's request. The other claim was against appellant City of Yerington and its insurer, appellant Public Agency Compensation Trust (PACT). This request was rejected by PACT's third-party administrator.

Gutierrez appealed these determinations separately to two workers' compensation hearing officers. One hearing officer reversed EICON's denial of Gutierrez's claim. EICON and Gutierrez each separately appealed that decision to an appeals officer. A second hearing officer affirmed Yerington and PACT's denial of Gutierrez's other claim. Gutierrez appealed that decision to an appeals officer. An appeals officer consolidated Gutierrez's two administrative appeals with EICON's administrative appeal. The appeals officer issued a single decision for the

15-02454

consolidated appeals, wherein she applied the last injurious exposure rule to conclude that (1) PACT had to reopen the claim it administered and (2) the reopening of that claim precluded the reopening of the claim that EICON administered.

Yerington and PACT timely filed a petition for judicial review of the appeals officer's decision. The petition was governed by NRS 233B.130(2)(a), which requires that a petition name as respondents "all parties of record to the administrative proceeding." It named Gutierrez as a respondent, but it did not name EICON. However, Yerington and PACT attached to the petition the appeals officer's decision that identified EICON as a party. At the time that Yerington and PACT filed their petition, *Civil Service Commission v. Second Judicial District Court* provided that a petition need not be dismissed for lack of jurisdiction when the petition substantially complied with NRS 233B.130(2)'s requirements, including the requirement that all parties in an administrative proceeding be named as respondents. 118 Nev. 186, 189-90, 42 P.3d 268, 271 (2002).

After Yerington and PACT filed their petition, this court issued its opinion in *Washoe County v. Otto*, overruling *Civil Service Commission* and holding that a petitioner cannot invoke the district court's jurisdiction over a petition if he or she fails to strictly comply with NRS 233B.130(2)(a)'s jurisdictional naming requirement. 128 Nev. ___, ___ & n.9, 282 P.3d 719, 725 & n.9 (2012). Relying on *Otto*, EICON and Gutierrez filed motions to dismiss Yerington and PACT's petition for failure to comply with NRS 233B.130(2)(a)'s jurisdictional naming requirement. Yerington and PACT asserted that *Otto* could not be retroactively applied. The district court disagreed and, relying on *Otto*, dismissed the petition for lack of jurisdiction.

On appeal, Yerington and PACT contend that the district court erred in dismissing their petition for judicial review. Pursuant to our de novo review of the subject matter jurisdiction, caselaw, and statutory language, we disagree. *See Liu v. Christopher Homes, LLC*, 130 Nev. ___, ___, 321 P.3d 875, 877 (2014) (reviewing the meaning and the district court's application of caselaw de novo); *Webb v. Shull*, 128 Nev. ___, ___, 270 P.3d 1266, 1268 (2012) (applying de novo review when construing a statute); *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) (applying de novo review to an issue of jurisdiction).

*Plain meaning of NRS 233B.130(2)(a)*

We interpret an unambiguous statute pursuant to its plain meaning by reading it as a whole and giving effect to each word and phrase. *Davis v. Beling*, 128 Nev. ___, ___, 278 P.3d 501, 508 (2012). We do not look to other sources unless an ambiguity requires the court to look beyond the statute's language to discern the legislative intent. *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 293-94, 995 P.2d 482, 485 (2000).

NRS 233B.130(2) establishes "mandatory and jurisdictional" filing requirements for a petition for judicial review. *Liberty Mut. v. Thomasson*, 130 Nev. ___, ___, 317 P.3d 831, 834 (2014). One of NRS 233B.130(2)'s requirements is that a petition "[n]ame as respondents the agency and *all parties of record* to the *administrative proceeding*" below. NRS 233B.130(2)(a) (emphases added). "Party" is defined as "each person . . . named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in any contested case." NRS 233B.035. Furthermore, the phrase "administrative proceeding" includes a hearing before an appeals officer. *See Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 368, 184 P.3d 378, 388 (2008) (identifying a hearing before

an appeals officer as an administrative proceeding); *Manwill v. Clark Cnty.*, 123 Nev. 238, 240, 162 P.3d 876, 877-78 (2007) (identifying the same). Thus, NRS 233B.130(2)(a) requires a petition to name as *respondents* any person or entity who was a party during the administrative proceeding from which the petition arises, including the hearing before the appeals officer.

*This court's decision in Washoe County v. Otto*

In *Otto*, the petitioner filed a petition for judicial review that generally referred to a group of "'Certain Taxpayers (Unidentified)' as respondents" who participated in an administrative proceeding before the State Board of Equalization. 128 Nev. at ___, 282 P.3d at 723. Two taxpayers who participated in that administrative proceeding moved to dismiss the petition, arguing that the vague reference to the taxpayers violated NRS 233B.130(2)(a)'s requirement for a petition to name as respondents all parties of record to the administrative proceeding. *Id.* The district court denied the motion, ordered the petitioner to amend its petition to explicitly name all of the taxpayers, but dismissed the amended petition because it did not name each taxpayer as a respondent. *Id.* at ___, 282 P.3d at 723-24.

On appeal, this court concluded that the *Otto* district court erred when it denied the first motion for dismissal because it lacked jurisdiction over the petition that violated NRS 233B.130(2)(a). *Id.* at ___, 282 P.3d at 726. The *Otto* court held that NRS 233B.130(2) provides *jurisdictional* requirements for filing a petition and that district courts lack jurisdiction over petitions that fail to strictly comply with this statute. *Id.* at ___, ___, 282 P.3d at 721, 725. After announcing its new interpretation of NRS 233B.130(2)(a), the *Otto* court applied that interpretation to the parties before it and concluded that while the district

court lacked jurisdiction to permit the petitioners to amend their petition, the district court reached the right result when dismissing the amended petition. *Id.* at ___, 282 P.3d at 727. The *Otto* court affirmed the dismissal. *Id.* Thus, *Otto* requires a petitioner to strictly comply with NRS 233B.130(2), including the requirement that the petition name as respondents any person or entity who was a party during the administrative proceeding from which the petition arises.

*Caselaw concerning jurisdiction must apply retroactively*

Yerington and PACT argue that *Otto* should not be applied in this case because that opinion issued after they had already filed their petition. However, court decisions are presumptively retroactive in civil cases. *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 847 (1990) (Scalia, J., concurring); *United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982).

Furthermore, when a judicial opinion announces a new rule of law regarding jurisdiction, it must apply retroactively because courts cannot entertain proceedings over which they lack jurisdiction. *Nunez-Reyes v. Holder*, 646 F.3d 684, 691 (9th Cir. 2011) (holding that in cases in which the new rule of law limits a court's jurisdiction, the rule must be applied retroactively); *see also Felzen v. Andreas*, 134 F.3d 873, 876-77 (7th Cir. 1998) (holding that a judicial opinion on jurisdiction must always apply retroactively because courts cannot consider the merits of a case over which they lack jurisdiction); *Marozas v. Bd. of Fire & Police Comm'rs*, 584 N.E.2d 402, 407 (Ill. App. Ct. 1991) (holding that "a decision on a question of jurisdiction must be retroactive since a court cannot consider the merits of a case over which it has no jurisdiction"). Thus, this court's decision in *Otto* regarding jurisdiction must be applied retroactively.

*The district court did not have jurisdiction to consider Yerington and PACT's petition for judicial review*

Here, by failing to name EICON as a respondent, Yerington and PACT's petition violated NRS 233B.130(2)(a)'s express jurisdictional requirement that a petition name as a respondent each party of record to the administrative proceeding. Since *Otto* requires a petitioner to strictly comply with NRS 233B.130(2)(a)'s jurisdictional naming requirement, and *Otto* must be applied retroactively to the current case, Yerington and PACT's failure to name EICON as a respondent deprived the district court of jurisdiction to consider their petition for judicial review. Accordingly, the district court did not err in dismissing Yerington and PACT's petition for judicial review. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

6

cc: Hon. William Rogers, District Judge
Jonathan L. Andrews, Settlement Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Sertic Law, Ltd.
Nevada Attorney for Injured Workers/Las Vegas
Third District Court Clerk