# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY R. SCHMIDT,
Appellant,
vs.
THE STATE OF NEVADA; AND ADAM
P. LAXALT, ATTORNEY GENERAL,
Respondents.

No. 75815



FILED

JUL 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order declaring appellant disqualified, on residency grounds, from entering upon the duties of State Senate District 16.[1]  First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Gary Schmidt filed a declaration of candidacy for the office of State Senate, District 16, listing a Reno address as his physical residence, qualifying his sworn declaration of at least 30 days' prior residency at that address with the words "to the best of my knowledge and understanding."  An elector submitted a written challenge to Schmidt's qualifications with the Secretary of State.  After reviewing the challenge, the Attorney General found probable cause to petition the district court for an order requiring Schmidt to appear and show cause why the challenge should not be upheld.  The petition pointed out that while Schmidt swore that he physically, as opposed to constructively, resided at the Reno address

---

[1]Having considered the parties' responses to our June 14, 2018, order to show cause concerning jurisdiction, we conclude that appellant's appeal of the challenged order is not moot, and thus we consider the appeal on the substantive merits.

18-28641

since July 2013, the challenger had provided evidence demonstrating that the structure at that address was uninhabitable and had been declared dangerous and unsafe by Washoe County.

After a hearing at which the parties presented evidence regarding Schmidt's residency, the district court entered an order concluding that Schmidt did not actually reside and was not legally domiciled at the Reno address and declaring Schmidt disqualified. The court so determined after evaluating the evidence in light of the factors statutorily suggested at NRS 281.050(7)(c) for "determining whether a place of permanent habitation is the place where a person actually resides and is legally domiciled," and specifically finding Schmidt's testimony not credible.

On appeal, Schmidt argues the district court abused its discretion in concluding that he did not actually reside at and was not legally domiciled at the Reno address for the requisite 30 days. He also asserts that the district court incorrectly made findings based on a lack of evidence concerning several of the factors, when no evidence showed that he lived at any other address. The State argues that Schmidt clearly did not reside at the Reno address during the relevant 30-day period, and that the evidence does not show that his absence was merely temporary.

Having reviewed the record and considered the parties' argument, we cannot say that the district court's factual findings were clearly erroneous or that its legal conclusions were wrong, and we therefore affirm. *See Ogawa v. Ogawa,* 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) ("The district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence."); *Manwill v. Clark Cty.,* 123 Nev. 238, 241, 162 P.3d 876, 879 (2007) (recognizing that the same standard applies to fact-based conclusions of

law). Here, the district court considered evidence and testimony regarding whether Schmidt met the residency requirement for candidates as set forth in NRS 293.1755(1), which provides

> no person may be a candidate for any office unless, for at least the 30 days immediately preceding the date of the close of filing of declarations of candidacy . . ., the person has, in accordance with NRS 281.050, actually, as opposed to constructively, resided in the . . . district . . . to which the office pertains and, if elected, over which he or she will have jurisdiction or will represent.

In defining and describing the residency needed to qualify for office, NRS 281.050(1) states that "actual residence" is required. "Actual residence" is defined as:

> [T]he place of permanent habitation where a person actually resides and is legally domiciled. If the person maintains more than one place of permanent habitation, the place the person declares to be the person's principal permanent habitation when filing a declaration of candidacy or acceptance of candidacy for any elective office must be the place where the person actually resides and is legally domiciled in order for the person to be eligible to the office.

NRS 281.050(8)(a). Given NRS 293.1755's "actually resided" mandate and reference to NRS 281.050, this court has held that both actual residence and legal domicile are required. *Williams v. Clark Cty. Dist. Attorney*, 118 Nev. 473, 482, 50 P.3d 536, 542 (2002), *as corrected* (July 26, 2002) ("NRS 293.1755(1)'s use of the term 'actually resided' and reference to NRS 281.050, when viewed in conjunction with the statutory requirement and definition of 'actual residence' in NRS 281.050, requires that the candidate have what is both an actual residence and legal domicile in the pertinent

district for at least thirty days before the close of filing for candidacy.").[2] The term "actual residence" contemplates "the place of actual living, of physical presence—it does not require an intent to remain or return." *Id.*; *cf.* NRS 281.050(8)(a) ("'Actual residence' means the place of permanent habitation where a person actually resides and is legally domiciled.").

The district court's findings that Schmidt did not actually reside at the Reno address listed on his declaration for 30 days preceding the deadline to file for candidacy are supported by substantial evidence. *See Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev. 834, 838, 335 P.3d 211, 214 (2014) ("Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). Schmidt admitted that he did not sleep at the residence and that there was no operating water or power at the property at the relevant time. Moreover, the evidence supports that he was on an extended trip to Alabama for part of the 30-day period. Although Schmidt argues that the evidence supports his residency for the reasons addressed below, his arguments do not overcome the district court's findings and conclusions to the contrary.

---

[2]NRS 281.050 was modified in 2017 "to reflect the holdings from the Supreme Court [in *Williams*, 118 Nev. 473, 50 P.3d 536 and *Chachas v. Miller*, 120 Nev. 51, 83 P.3d 827 (2004)] and also to adopt and codify the legal principles from its cases that are used for determining whether a place of permanent habitation is the place where a person actually resides and is legally domiciled." 2017 Nev. Stat., ch. 502, Legislative Counsel's Digest. We do not perceive the 2017 modification to NRS 281.050 to have changed the requirement that the candidate have both an actual residence and a legal domicile in the district.

First, Schmidt argues that he was working on restoring the residence and his forced absences should not factor into a residency determination. The district court's lack-of-residency findings, however, are supported by the record, as the evidence does not show that Schmidt intended in good faith to return without delay. Thus, even if the limited exception to the definition of "actual residence" under NRS 281.050(2) applies here,[3] the district court found that Schmidt delayed, and while Schmidt may have been working on the property, none of the evidence before the court, aside from Schmidt's own testimony, which the district court found not credible, suggests that anything was done to try to make the residence habitable when Schmidt returned to Nevada in 2017, or that the work undertaken in winter 2017-18 was intended to help Schmidt return to that residence. Instead, the evidence suggests that Schmidt intended to sell the property without him returning to live there. Second, although Schmidt argues that the district court should have accepted his 2014 declaration of candidacy as establishing actual residence at the Reno address, the district court merely observed that Schmidt declared his actual residence to be outside of the jurisdiction in 2008, 2010, and 2012, when he filed for candidacy in three different Nevada cities. Thus, the declarations just illustrated the lack of information as to any fixed actual residence; the court did not find that those declarations affirmatively demonstrated residency elsewhere. Regardless, this argument appears to go to legal domicile, not to where Schmidt was actually residing. Finally, although

---

[3]In *Chachas v. Miller*, we rejected an argument that NRS 281.050(2) excuses an almost year-long physical absence from one's legal domicile, holding that the provision (formerly codified in a slightly different form in NRS 281.050(1)) "only applies when determining legal domicile, not actual residency." 120 Nev. 51, 55, 83 P.3d 827, 831 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Schmidt argued that the purpose of the 30-day residency requirement was met because the address he listed is not a sham residence and he knows his constituents, that argument does not overcome the fact that he did not live at the address for the 30 days preceding the filing of his declaration.

We perceive no error in the district court's fact-based determination that Schmidt did not actually reside at the Reno address listed on his declaration for the requisite 30-day period. Because actually residing within the district is required regardless of legal domicile, we need not consider the district court's legal domicile findings, and we

ORDER the judgment of the district court AFFIRMED.



_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. James E. Wilson, District Judge
     O'Mara Law Firm, P.C.
     Attorney General/Carson City
     Attorney General/Las Vegas
     Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A